**Steve STEVENS, Appellant,**

v.

**George RALSTON, Warden, United States Medical Center for Federal Prisoners, Appellee.**

No. 81–2310.

United States Court of Appeals, Eighth Circuit.

Submitted April 5, 1982.

Decided April 9, 1982.

Steve Stevens, pro se.

Robert Ulrich, U. S. Atty., Frederick O. Griffin, Jr., Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before HEANEY, BRIGHT and STEPHENSON *, Circuit Judges.

PER CURIAM.

This is a habeas action arising out of a mail restriction imposed by the warden of the Medical Center for Federal Prisoners at Springfield, Missouri. The district court dismissed the petition. We reverse.

The petitioner was sentenced in Texas in 1974 to consecutive twenty-year terms for robbery and escape and was initially confined in the Texas state prison system. He was transferred to the federal prison system in 1979, apparently for his own safety, following his participation in a federal class action challenging conditions at certain Texas prison facilities. Since 1977, the petitioner has been a paraplegic confined to a wheelchair. Upon transfer to the federal system in 1979, he was assigned to the Medical Center at Springfield, where he struck up a continuing friendship with a female correctional officer whose employment has since been terminated. After her termination, the petitioner and the former employee corresponded over a period of nine months, until prison authorities banned any correspondence between the two in December of 1980. After exhausting administrative remedies, the petitioner commenced the present action, contending that the mail ban was an arbitrary and capricious infringement of his First Amendment rights. On the unusual facts of this case, we agree.

The respondent concedes that prisoners have a constitutionally protected right to correspond with persons outside the prison. Resp.Br. at 15. Such a right, however, is subject to restriction to the extent clearly necessary to protect the government's interest in security and order within the prison. See Procunier v. Martinez, 416 U.S. 396, 413, 94 S.Ct. 1800, 1811, 40 L.Ed.2d 224 (1974). Prison administrators certainly have discretion in assessing the potential threat to security which particular correspondence might pose and courts do not interpose their judgments when administrators appear to be acting out of reasonable concerns for order. Here, however, the mail ban seems to have been applied in an unreasonable manner.

The government's principal claim is that mail to or from the former employee threatens security because the former employee had knowledge of the Medical Center's security system and might impart such knowledge to the petitioner in aid of either his escape or an escape by other prisoners. In support of this claim, the government emphasizes that one of petitioner's present sentences arose out of an escape from a Texas facility in 1973.[1] These security concerns could present legitimate grounds for mail restrictions as a general matter, but they are not supported by any evidence in the present record. Indeed, the record as a whole contradicts the claim that there is a genuine risk of escape created by the correspondence between the petitioner and the former employee.

There is nothing in the record which even suggests that the former employee has ever—during or subsequent to her employment—aided or facilitated in any manner any potential escape by any prisoner. Moreover, the petitioner corresponded with the former employee for nine months prior to imposition of the mail ban, all of which was subject to inspection, yet there is not even an assertion that any of the letters contained information that might be considered a breach of security. Most importantly, the petitioner is a paraplegic confined to a wheelchair. The petitioner's 1973 escape from a Texas county jail took place

---

* The Honorable Roy L. Stephenson assumed senior status on April 1, 1982.

1. The state also asserts that the former employee "may very well have unique knowledge concerning other employees" in the prison system, the potential communication of which allegedly could be "detrimental" to security within the Medical Center and "within the entire federal prison system." Resp.Br. at 20. There is nothing in the record or briefs which gives any factual basis on which this claim might rest.

before he became a paraplegic and thus bears little on his present escape potential. The government does not challenge the petitioner's claim that he is unable to walk except when wearing leg braces accompanied by a walker or rails by which he can pull himself along. Instead, it asserts that there are ways to escape other than "climbing over a wall." We cannot believe that even an imaginative escape plan is genuinely at risk here. If a person in the petitioner's condition could somehow succeed at getting outside the prison walls, it is difficult to see how he might expect to escape detection as a fugitive.

Furthermore, the government can fully protect its legitimate security concerns by reviewing the petitioner's incoming mail and, if necessary, censoring any actual breach of security. The petitioner does not dispute such examinations; he merely seeks the right to correspond. The state argues that such examinations would be too burdensome. We note, however, that if there are genuine fears that the former employee might impart security information in aid of the petitioner's escape, prison staff presumably would have to examine all of petitioner's incoming mail to ensure that such information was not being passed through aliases or third parties. Thus, the burden exists regardless of whether the petitioner is restricted from direct correspondence in the first instance. We note too that the government has not challenged the petitioner's claim that all of his mail is presently subjected to such close scrutiny.

We hold that, on the special facts of this case, the respondent has not presented sufficient justification for infringing petitioner's First Amendment right to correspond with persons outside the prison. The case is remanded with instructions that the respondent be ordered to permit mail correspondence between the petitioner and the former employee, until and unless the government shows that such correspondence presents an actual risk to security and order within the prison.