Larry Wayne JONES, Appellant,

v.

Willis SARGENT, Warden, Cummins Unit, Arkansas Department of Correction, Appellee.

No. 83–2404.

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1984.

Decided June 29, 1984.

Mark L. Ross, Ross & Ross, P.A., Little Rock, Ark., for appellant.

Steve Clark, Atty. Gen. by A. Carter Hardage, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before BRIGHT, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

Larry Wayne Jones, an inmate in punitive isolation in the Cummins Unit of the Arkansas Department of Corrections, sued Warden Willis Sargent, alleging, among other things, that he alone among other prisoners similarly situated had been denied mail privileges.[1] The state moved to dismiss the complaint. The motion was supported by an affidavit from Warden Sargent declaring that none of the inmates in punitive isolation has mail privileges. In his responsive pleading Jones alleged that, after he filed his complaint but before the state filed its motion to dismiss, the Warden changed the mail policy to deny mail privileges to all inmates on punitive status. The district court[2] accepted the magistrate's recommendations and granted the state's motion to dismiss as res judicata under *Finney v. Mabry,* 534 F.Supp. 1026 (E.D.Ark.1982). For reversal Jones argues res judicata was an improper basis for summary judgment because there was no showing that the mail regulations here were identical to those previously approved by the district court, and because Jones alleged a genuine issue of law in his complaint concerning his first amendment rights. We reverse and remand.

Res judicata is an improper basis for summary judgment in this case. The Supreme Court has noted that "changes in facts essential to a judgment will render collateral estoppel inapplicable in a subsequent action raising the same issue." *Montana v. United States,* 440 U.S. 147, 159, 99 S.Ct. 970, 976, 59 L.Ed.2d 210 (1979). Although *Finney* ended a complicated class action suit and approved corrections policies concerning mail regulations and the opening of legal mail, *id.* at 1031, that court acknowledged that the case might be reopened if prison standards fell below the threshold of constitutional propriety. *Id.* at 1029–30. Res judicata is inapplicable here because the "mail regulations" approved in *Finney* not only antedate those challenged by Jones in this case, but might be entirely different regulations. In fact, *Finney's* "mail regulations" apparently involved only screening, not absolute prohibition of correspondence. *See Holt v. Hutto,* 363 F.Supp. 194, 212 (E.D.Ark.1973).

Summary judgment also overlooks important first amendment issues implicated in a mail ban. The Supreme Court allows censorship of prisoner mail only where it "further[s] an important or substantial governmental interest unrelated to the suppression of expression." In addition, the limitation "must be no greater than is necessary or essential to the protection of the particular governmental interest involved." *Procunier v. Martinez,* 416 U.S. 396, 413, 94 S.Ct. 1800, 1811, 40 L.Ed.2d 224 (1974).[3] Although limited bans have been upheld, *see Vodicka v. Phelps,* 624 F.2d 569 (5th Cir.1980) (upholding ban of newsletter advocating work stoppage and prisoner union as an "immediate threat to the security of the institution"), most courts have rejected

---

1. The mail allegedly banned is personal correspondence. Correspondence with courts and lawyers apparently is not included in the ban.

2. The Honorable Elsijane T. Roy, United States District Judge for the Eastern District of Arkansas.

3. Legitimate governmental interests include deterrence of crime and maintenance of internal security. *Pell v. Procunier,* 417 U.S. 817, 822–23, 94 S.Ct. 2800, 2804–05, 41 L.Ed.2d 495 (1974).

mail bans absent compelling circumstances. *See Stevens v. Ralston,* 674 F.2d 759 (8th Cir.1982) (no security justification exists for a ban on correspondence between a former corrections employee and a paraplegic inmate who had previously escaped); *Pepperling v. Crist,* 678 F.2d 787 (9th Cir. 1982) (absent security or rehabilitation justification, prison prohibition of obscene mail is overbroad).

In granting the motion for summary judgment, the district court acknowledged that it viewed the evidence most favorably to the non-movant and determined that no genuine issue of material fact existed and that the state was entitled to judgment as a matter of law. The district court also acknowledged that Jones disputed some facts, but the court dismissed those facts as immaterial. However, in light of the alleged change in mail policy for inmates on punitive status, the uncertainty surrounding the nature of the mail regulations reviewed in *Finney,* and the potentially important first amendment concerns involved, it appears that genuine issues of fact and law exist. Therefore, because this case may have been improperly disposed of on summary judgment, we reverse and remand the case for further proceedings consistent with this opinion.