Joseph Emmett MAGEE, Appellant,

v.

G.W. WATERS, Sheriff, Portsmouth City Jail, Appellee.

No. 85–6024.

United States Court of Appeals, Fourth Circuit.

Argued June 5, 1986.

Decided Feb. 4, 1987.

Harrison L. Winter, Chief Judge, filed an opinion concurring in part and dissenting in part.

Roy W. Ferguson, Jr. (Wharton, Aldhizer & Weaver, Harrisonburg, Va., on brief), for appellant.

Stuart E. Katz, Asst. City Atty., Portsmouth, Va., for appellees.

Before WINTER, Chief Judge, and WIDENER and CHAPMAN, Circuit Judges.

WIDENER, Circuit Judge:

This is an appeal from an order of the district court dismissing the plaintiff's complaint, which we consider as an order granting summary judgment, since a motion for summary judgment was made under FRCP 56 and affidavits were filed.

The plaintiff, Joseph Magee, was confined in the Portsmouth city jail for a period of 29 days, from July 23, 1984 until August 21st of that year, as a parole violator. He was transferred on August 21st, apparently to Nottoway Correctional Center, and at some time after that to Staunton Correctional Center.

Almost two months after his transfer, on October 16, 1984 he filed his complaint under 42 U.S.C. § 1983 in the district court, complaining about conditions in the Portsmouth city jail. In the initial complaint and

subsequent amendments and like papers, he complained of lack of adequate medical care, denial of access to the courts on account of lack of library facilities and denial of free envelopes, and failure of the jail to furnish proper security for his personal property. He requested the appointment of an attorney, class relief, injunctive relief, and monetary damages. The district court, as we have noted, dismissed the complaint. On appeal, the only issues which are made are with respect to the adequacy of the library, failure to appoint counsel, and class certification.

■ At the outset, we should say that neither the district court's failure to certify a class nor its failure to appoint an attorney is an abuse of discretion, so those actions of the district court are affirmed.

■ Because the prisoner has been transferred, his request for injunctive relief is moot. See *Weinstein v. Bradford,* 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975).

■ With respect to the adequacy of library facilities, the plaintiff has not shown the nature of any complaint he may have had which he wanted to research, but it is undisputed that he did make a request to the jailer for law books. He requested permission for a sister to bring two volumes of the Virginia Code and "one each federal," apparently referring to one volume of the Federal Reporter. Although the jail policy is that the only personally owned books or publications permitted in cells are those shipped directly from the publisher, the sheriff later delivered to him in his cell two volumes of the Virginia Code, apparently the ones which he wanted. The plaintiff complains that he was only allowed one hour a week in the jail library to do his legal research and that the only law books in the jail library were the volumes of the Virginia Code, of which "some" were missing. Obviously, if any of the volumes were missing, they were not the two he wanted, for they were delivered to the plaintiff in his cell by the sheriff on August 16th, despite the jail regulations to the contrary, so any volumes of the Virgin-

ia Code which may have been missing are of no consequence here in any event.

We do not think the plaintiff was deprived of any constitutional right.

In discussing a situation quite like the one before us, the Fifth Circuit, in *Cruz v. Hauck,* 515 F.2d 322 (5th Cir.1975), took account that county jails, as is the city jail here, are generally short-term holding facilities confining individuals serving misdemeanor sentences or awaiting trial or transfer to prisons, and that, in the case of individuals not awaiting trial, the confinement may be so brief as to make it reasonable for them to await transfer to a permanent facility before petitioning the courts. Thus, the court reasoned ". . . in determining whether all inmates have adequate access to the courts, the district court need not consider those inmates whose confinement is of a very temporary nature or for purposes of transfer to other institutions. The district judge should have little difficulty, realizing the fundamental nature of the right of access, in determining those cases where the brevity of confinement does not permit sufficient time for prisoners to petition the courts." 515 F.2d at 333. In addition, courts have required a showing by a complaining prisoner of actual injury or specific harm to him before a claim of lack of access to the courts will be sustained. In *Hudson v. Robinson,* 678 F.2d 462 (3d Cir.1982), the court held that a 10–day delay in notarizing a document did not satisfy the actual injury requirement, and, in *Cookish v. Cunningham,* 787 F.2d 1 (1st Cir.1986), the court held that a denial of access to the law library during a quarantine period of two weeks did not satisfy a requirement of specific harm.

In our case, Magee was a temporary occupant of the jail, only awaiting transfer. He advises us of no specific problem he wished to research and of no actual injury or specific harm which has resulted to him by his limited access to the jail library or its limited contents.

In such a situation, we do not believe that he has been denied any constitutional

right within the meaning of *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). It is true that in *Williams v. Leeke,* 584 F.2d 1336, 1343 (4th Cir.1978), we held that three 45–minute intervals for research, each week, were insufficient for a prisoner facing "a substantial sentence of confinement," but we did not hold that a prisoner, housed only temporarily in a local jail, can maintain such a suit absent a showing of specific harm or actual injury. Thus, the limited access of the plaintiff to the library and its limited contents are matters which we need not and do not consider. In that respect, we note that the Nottoway and Staunton prison facilities apparently have adequate libraries or attorneys to advise the inmates for Magee has had no difficulty in litigating his claims, upon transfer, from those locations.

The judgment of the district court is accordingly

AFFIRMED.

HARRISON L. WINTER, Chief Judge, concurring in part and dissenting in part:

I agree that we should not disturb the summary judgment for defendant with respect to plaintiff's claims of error in denying class certification and in failing to appoint a lawyer. But as I read this record, entry of summary judgment for defendant with respect to plaintiff's claim that the jail's law library facilities were constitutionally inadequate and he was thus denied access to the courts was premature. I would reverse and remand as to this issue. From the contrary determination I respectfully dissent.

### I.

In the record, plaintiff's sworn statements establish that he was incarcerated in the Portsmouth City Jail in July 23, 1984. He requested permission for his sister to bring law books to him in jail, specifically two volumes of the Code of Virginia and one volume described merely as "Federal." This permission was denied and he was allowed to go to the jail library for one hour each Thursday. The only law books there were the Code of Virginia with some volumes missing. He complained about the missing books and on or about August 15, "the Sheriff sent me two law books ..."

The library consists of one shelf of books in a room containing two ping-pong tables, a weight lifting machine, a pinball machine, two tables, a barber chair in use for cutting hair, a newspaper rack, thirty chairs, lockers and fifteen other shelves of books containing fiction. When an inmate is permitted to use the "library" for one hour per week, it is also in use for recreational activities and games and these generate noise and distraction.

While the sheriff, by affidavit, asserts that there is an adequate law library, he does not describe the collection except to say that he recently added *Corpus Juris Secundum* and that he delivered unidentified law books to plaintiff in August 16, 1984.

### II.

An inmate's constitutional right of access to the courts, *Ex Parte Hull,* 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034 (1941); *Blanks v. Cunningham,* 409 F.2d 220 (4 Cir.1969), includes a duty on the part of his jailors to provide him with an adequate law library or legal counsel, *Bounds v. Smith,* 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977). In my view this record presently fails to establish beyond dispute that either was provided.

There is of course no evidence of a plan to provide legal counsel. Whether the library collection was adequate is highly questionable. A partial collection of the Virginia Code even supplemented with *Corpus Juris Secundum* is clearly unequal to the task of providing a prisoner meaningful access to the courts. *Bounds,* 430 U.S. at 823, 97 S.Ct. at 1495. We have said in a case involving the Richmond City Jail that absent court reports, a library was "wholly inadequate for researching criminal law or prisoner's rights issues ..." *Harris v. Young,* 718 F.2d 620, 621 (4 Cir.1983).

Even aside from the question of adequacy of the collection there is a problem as to

whether the research opportunities of only one hour per week in a noisy place of general recreation for other prisoners would satisfy constitutional standards.

In short, I do not think that on this record it can be concluded that beyond factual dispute plaintiff's right of access to the courts was honored. Of course I realize that plaintiff was incarcerated in the Portsmouth jail as a parole violator for only a short period, and I have no thought that a temporary holding facility of this nature must have library facilities as extensive as those which the constitution may require at facilities for long term prisoners. Both the Fifth Circuit and we have recognized that the library needs of short term prisoners are not as extensive as those of long term prisoners. *Cruz v. Hauck,* 627 F.2d 710, 719 (5 Cir.1980); *Williams v. Leeke,* 584 F.2d 1336, 1340 (4 Cir.1978), *cert. denied,* 442 U.S. 911, 99 S.Ct. 2825, 61 L.Ed.2d 276 (1979). But even under a lesser standard for an inmate like plaintiff, I do not think that this case can be finally decided on this record. On the issue of sufficiency of the library and access to the library, I would vacate the judgment and remand for fuller evidentiary development.