838 F.2d 469
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James E. WATTS, Plaintiff-Appellant,
v.
O.S. FOSTER; S. Huff; B. Tayloe, Defendants-Appellees.
 No. 87-6127.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 24, 1987.
Decided: Jan. 20, 1988.
 
 James E. Watts, pro se.
 Raymond R. Robrecht, for appellees.
 Before JAMES DICKSON PHILLIPS and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 James E. Watts appeals the district court's grant of the defendants' motion for summary judgment in his civil rights suit under 42 U.S.C. Sec. 1983. He made three claims below: (1) defendants Tayloe and Huff deprived him of liberty without due process when they kept him in administrative segregation for nine months without giving him a hearing; (2) defendant Tayloe was deliberately indifferent to his need for medical treatment of his addiction to methamphetamine; and (3) defendant Huff deprived him of access to the courts because of a rule that jail inmates may not have access to legal materials until 21 days after they are sentenced.
 
 
 2
 Unless Watts had a liberty interest in remaining in general jail population, he had no right to a hearing before or during his confinement in administrative segregation. See Hewitt v. Helms, 459 U.S. 460 (1983). Such a liberty interest could come from one of two sources: (1) a pretrial detainee's right to remain free from "punishment," see Bell v. Wolfish, 441 U.S. 520, 535 (1979); and (2) state law. See Hewitt, 459 U.S. at 471-72.
 
 
 3
 Watts' confinement in administrative segregation was not "punishment," as it was reasonably related to the legitimate governmental objective of preventing his escape. The question then remains whether state law gave Watts a "liberty" interest in remaining in the general population of the jail. Such a liberty interest is created by mandatory procedural and substantive restrictions on the authority of prison officials to place inmates in administrative segregation. Id.
 
 
 4
 The district court found that the Roanoke County jail regulations do not give prisoners a right to a hearing when their violation of jail rules is obvious and discovered by officials in charge of the jail. The jail regulations were not a part of the record, however. In reaching its conclusion, the court apparently relied on an unsworn memorandum from a jail employee to defendant Foster. Such an unsworn document is not an "affidavit" for Fed.R.Civ.P. 56(e) purposes. Therefore, the district court erred in relying on it in deciding that summary judgment was appropriate. The defendants' responses to interrogatories do not state what procedural or substantive limitations that jail regulations placed on jail officials' authority to place inmates in administrative segregation. In an interrogatory response, defendant Huff states that Watts told jail officials that he did not mind administrative segregation approximately one month after he was placed there. He also states that six months later, Watts said that he wished to remain in administrative segregation. These statements do not establish that Watts wished to be placed in administrative segregation or remain there throughout the period in which he was in segregation. Thus, we vacate the district court's judgment insofar as it dismissed Watts' administrative segregation claim, and remand the case for further proceedings.
 
 
 5
 The district court correctly granted summary judgment on Watts' claim of deliberate and indifference to his serious medical needs. In his sworn interrogatory responses, defendant Tayloe stated that Watts had shown no signs of substance withdrawal, that on March 28, 1985, he was seen by a drug counselor at Tayloe's insistence, that he was twice placed in a medical observance cell as a suicide prevention measure, and that he was seen on June 13, 1985, for a psychiatric evaluation. According to the interrogatory responses, the suicide prevention measures were taken when Watts' attorney and his mother said that he had threatened suicide. The interrogatory responses also state that Watts received treatment for various other ailments. In view of these sworn statements, which are uncontradicted by any sworn statements by Watts, Watts has alleged at most negligence on the part of the defendants in failing to realize that he was suffering from amphetamine withdrawal. He has not shown deliberate indifference to his serious medical needs, or that his medical treatment amounted to "punishment" in violation of the fourteenth amendment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Cooper v. Dyke. 814 F.2d 941, 948-49 (4th Cir.1987). Thus, the district court properly dismissed his claim that the deficiencies in the medical treatment he received denied him due process.
 
 
 6
 Finally, Watts alleges that he was denied access to the courts. He alleges that Roanoke County Jail inmates have no access to legal materials until 21 days after they are sentenced. Watts did not allege below that he personally was prevented from prosecuting any actions because of the prison policy, and he filed the instant suit after he was transferred. In his informal brief on appeal, Watts has alleged that his family had to hire an attorney to file a post-conviction motion for him because his court-appointed attorney abandoned him after he was sentenced. The fact his family may have had to hire an attorney to file a motion for him because of his court-appointed attorney's allegedly unprofessional behavior does not show that the jail's polcies denied Watts access to the courts. In these circumstances, it would appear that his Bounds claim was without merit. Magee v. Waters, 810 F.2d 451, 452-53 (4th Cir.1987).
 
 
 7
 For the reasons stated above, we vacate and remand for further proceedings Watts' administrative segregation claim. In all other respects, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal arguments are adequately presented in the record and oral argument would not significantly aid the decisional process.
 
 
 8
 AFFIRMED IN PART, AND VACATED AND REMANDED IN PART.