863 F.2d 48
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Pamela GOLDSBOROUGH, Plaintiff-Appellant,
v.
Norman CARLSON; Matthews, Warden; John Doe, Defendants-Appellees.
 No. 88-5656.
 United States Court of Appeals, Sixth Circuit.
 Nov. 25, 1988.
 
 Before LIVELY and WELLFORD, Circuit Judges and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Goldsborough seeks appointment of counsel in her appeal from the district court's dismissal of her Bivens-type action, see Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1975), filed against various federal prison authorities. The plaintiff sought injunctive and declaratory relief in her complaint and amended complaint which alleged numerous medically related eighth amendment violations, equal protection claims based on sex and disabilities, and charges that she was denied access to counsel during her incarceration at the Federal Correctional Institute (F.C.I.) at Lexington, Kentucky. The suit was transferred from the United States District Court for the District of Columbia to the United States Court for the Eastern District of Kentucky.
 
 
 3
 The defendants' motion to dismiss was considered by the United States magistrate in May of 1988, approximately two years after Goldsborough received probation and was released from incarceration at F.C.I. The magistrate concluded that the plaintiff's claims for injunctive and declaratory relief were mooted by her release from incarceration. Because Goldsborough failed to seek monetary damages in either her complaint or amended complaint, the district court upon de novo review of the magistrate's report and recommendation, adopted the conclusion that the action was moot, and dismissed the suit.
 
 
 4
 Upon review, we affirm the judgment of the district court. A prisoner's claims for injunctive relief are mooted upon that prisoner's release or transfer. See Weinstein v. Bradford, 423 U.S. 147, 148 (1975) (per curiam); Preiser v. Newkirk, 422 U.S. 395, 402-3 (1975); Magee v. Waters, 810 F.2d 451, 452 (4th Cir.1987); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985); Goar v. Civiletti, 688 F.2d 27, 29 (6th Cir.1982); Wycoff v. Brewer, 572 F.2d 1260, 1262 (8th Cir.1978).
 
 
 5
 Goldsborough's arguments on appeal that the district court erred by failing to appoint counsel and to permit class certification of her complaint are without merit. Civil litigants are not entitled to appointment of counsel at the government's expense. See Anderson v. Sheppard, No. 87-1207, slip op. at 15 (6th Cir. Sept. 7, 1988); Potashnick v. Port City Constr. Co., 609 F.2d 1101, 1118 (5th Cir.), cert. denied, 449 U.S. 820 (1980). Additionally, review of the record reveals that the plaintiff failed to seek class certification of her suit.
 
 
 6
 Goldsborough's further argument that the transfer of her suit to the Eastern District of Kentucky was error is also without merit, since her cause of action arose in F.C.I. Lexington, Kentucky, which is located in the Eastern District of Kentucky. See 28 U.S.C. Sec. 1391(b); 28 U.S.C. Sec. 1404.
 
 
 7
 Accordingly, Goldsborough's motion for appointment of counsel is denied, and the judgement of the district court is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.