896 F.2d 546
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Thomas Alexander LOVE, Plaintiff-Appellant,
v.
H.B. WALKER; C. Richardson; Donald S. Mobley; W.P.
Hilleaid; H.J. Carter; Ronald Pasquerette; E.C.
Conn, II; Michael Thumm; Annie Dodson;
Raymond Hayes; D. Jones,
Defendants-Appellees.
 No. 89-6708.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 29, 1989.
Decided: Feb. 5, 1990.
 
 Thomas Alexander Love, appellant pro se.
 Lucien Capone, III, Office of the Attorney General of North Carolina, for appellees.
 Before SPROUSE, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Thomas Alexander Love, an inmate at the Triangle Correctional Institution in Raleigh, North Carolina, appealed the district court's dismissal of all of his claims under 42 U.S.C. Sec. 1983 except the claims regarding inadequate nutrition and inadequate exercise. He also appealed the denial of his motion for temporary restraining order or preliminary injunction regarding the activities of various officials of the Warren County Prison and the Orange County Prison, where he was previously incarcerated.
 
 
 2
 Under 28 U.S.C. Sec. 1291 this Court has jurisdiction over appeals from final orders. A final order is one which disposes of all issues in dispute as to all parties. It "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945).
 
 
 3
 The district court's order dismissing Love's Sec. 1983 claims is not a final order; therefore, it is not appealable under 28 U.S.C. Sec. 1291. The district court has not directed entry of final judgment as to particular claims or parties under Fed.R.Civ.P. 54(b), nor is the order appealable under the provisions of 28 U.S.C. Sec. 1292. Finally, the order is not appealable as a collateral order under Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). Therefore, we dismiss the appeal of these claims as interlocutory.
 
 
 4
 The denial of a motion for a preliminary injunction is appealable, so this Court has jurisdiction over this claim. 28 U.S.C. Sec. 1291(a)(1). However, as the district court correctly noted, Love is no longer incarcerated at either of the facilities where the conduct at issue allegedly occurred; therefore, we affirm the dismissal of the motion as moot. Magee v. Waters, 810 F.2d 451 (4th Cir.1987); Inmates v. Owens, 561 F.2d 560 (4th Cir.1977).
 
 
 5
 We dispense with oral argument because the dispositive issues have been decided authoritatively.
 
 
 6
 AFFIRMED IN PART, DISMISSED IN PART.