908 F.2d 967
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James LYONS, Plaintiff-Appellant,
v.
Edwin MEESE, individually and in his capacity, as Attorney
General for the United States; Michael Quinlan,
individually and in his capacity as current Director of the
Bureau of Prisons; Norman Carlson, individually and in his
former capacity as Director of the Bureau of Prisons;
Jeffrey Clark, individually and in his official capacity as
Warden of FCI, Petersburg, Virginia; S.R. Rhoades,
individually and in his capacity as Unit Manager of FCI,
Petersburg, Virginia; John Does, employees of the Bureau of
Prisons, Defendants-Appellees.
 No. 88-7765.
 United States Court of Appeals, Fourth Circuit.
 Argued: April 3, 1990.
Decided: June 22, 1990.
Rehearing and Rehearing In Banc Denied July 12, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, District Judge. (CA-88-332-AM).
 Lauren Van Wazer, Student Counsel, Appellate Litigation Program, Georgetown University Law Center, Washington, D.C., argued, for Appellant; Steven H. Goldblatt, Director, Cynthia S. Mazur, Supervising Attorney, Minnie S. Park, Kevin M. Hodges, Juan Enrique Mejia, Student Counsel, Appellate Litigation Program, Georgetown University Law Center, Washington, D.C., on brief.
 Kathryn A. Monroe, Student Counsel, United States Attorney's Office, Alexandria, Va., argued, for appellee; Henry E. Hudson, United States Attorney, Robert C. Erickson, Assistant United States Attorney, Alexandria, Va., on brief.
 E.D.Va.
 DISMISSED.
 Before ERVIN, Chief Judge, and CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 James Lyons, a federal inmate who was incarcerated at the Petersburg Federal Correctional Institution when he commenced this action, appeals the district court's dismissal of his pro se complaint as frivolous pursuant to 28 U.S.C. Sec. 1915. Lyons, who has litigated at least three cases in this court as well as actions in the Court of Appeals for the First Circuit and several district courts, seeks injunctive relief against various federal officials, alleging that they denied him meaningful access to the courts in violation of Bounds v. Smith, 430 U.S. 817, 824 (1976). He claims that: (1) he was transferred in retaliation for filing various suits and deprived of his legal materials during the transfer; (2) he was denied adequate postage stamps for sending legal mail and unlimited free photocopying of legal documents; (3) he was subjected to overly intrusive procedures regarding his legal mail; and (4) the law library at Petersburg was constitutionally inadequate. Lyon's complaint included a request for class certification.
 
 
 2
 The district court denied Lyons' motion for class certification, determined that Lyons could show "no arguable construction of law or fact" entitling him to relief, and dismissed the action on August 18, 1988. On September 13, 1989, Lyons was extradited to Massachusetts pursuant to the Interstate Agreement on Detainers, 18 U.S.C. app. Sec. 2, where he is currently incarcerated at the Worcester County Jail in West Boyleston.
 
 
 3
 On appeal, Lyons contends that the district court erred in dismissing the action as frivolous pursuant to 28 U.S.C. Sec. 1915(d) after assessing a partial filing fee. He also challenges the district court's denial of class certification.
 
 
 4
 Lyons is not currently incarcerated at the Petersburg Correctional Institute where the claimed constitutional deprivations allegedly occurred. In order for this court to exercise jurisdiction under Article III of the Constitution, an "actual, ongoing controvers[y]," Honig v. Doe, 484 U.S. 305, 317 (1988), must continue to exist throughout the pendency of the litigation. United States Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). Lyons sought no damages in his complaint, and he lacks the requisite interest in the outcome of this action because he is no longer subject to any of the unconstitutional conditions as to which he sought injunctive relief. See Magee v. Waters, 810 F.2d 451, 452 (4th Cir.1987). Thus, this court is not presented with a "dispute[ ] [it is] capable of resolving," Geraghty, 445 U.S. at 397, or one that "is likely to be redressed by a favorable decision." Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 38 (1976).
 
 
 5
 This case also does not satisfy the exception to the general rule of mootness in cases that are "capable of repetition, yet evading review." Murphy v. Hunt, 455 U.S. 478, 482 (1982). Lyons claims that he could repeatedly be prevented from challenging unconstitutional prison conditions by virtue of being transferred. However, there is no evidence that the transfer to Massachusetts, which mooted his claims here, resulted from anything but that state's interest in resolving outstanding charges against Lyons in that jurisdiction. There is also no evidence that other detainers are pending against Lyons. Moreover, even if Lyons is eventually transferred back to Petersburg after the resolution of the state issue, there is no certainty that he will again be subjected to the alleged unconstitutional conditions recited in his complaint. See Inmates v. Owens, 561 F.2d 560, 562 & n. 2 (4th Cir.1977).* We conclude that the challenged action was not "in its duration too short to be fully litigated," nor is there a "reasonable expectation" or a "demonstrated probability" that the same controversy will recur between Lyons and defendants. Murphy, 455 U.S. at 482. See Buie v. Jones, 717 F.2d 925, 927 (4th Cir.1983) (claim of "capable of repetition" was insufficient where no evidence that plaintiff would again be subject to allegedly unconstitutional treatment).
 
 
 6
 Our finding that Lyons' individual claims are moot does not, of course, prevent him from challenging on appeal the district court's "ruling denying certification of the class that he initially defined." Geraghty, 445 U.S. at 407. However, our review of the record satisfies us that the district court did not abuse its discretion in refusing to certify a class pursuant to Fed.R.Civ.P. 23.
 
 This appeal is accordingly
 
 7
 DISMISSED.
 
 
 
 *
 In Honig, 484 U.S. at 318-20, 321-22, unlike the situation here, the case was not moot as to a plaintiff who was no longer attending school in the defendant school district, because the state sought a ruling which would have allowed the unconstitutional policy to continue in all local school districts in which plaintiff could have enrolled. This case is also unlike Washington v. Harper, 110 S.Ct. 1028, 1035 (1990), where state prison officials had ceased to administer antipsychotic medications to a mentally ill inmate, but were likely to again seek to do so pursuant to an allegedly unconstitutional policy