919 F.2d 738
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James L. KNOWLES, Jr., Plaintiff-Appellant,
v.
Michael QUINLAN, individually and in his capacity as
Director of the Federal Bureau of Prisons, Patrick Kane,
Warden, individually and in his capacity as Warden of
Federal Correctional Institution located in Lexington,
Kentucky, Robert Figlestahler, individually and in his
capacity as Manager of Scott United within Federal
Correctional Institution located in Lexington, Kentucky,
Defendants-Appellees.
 No. 90-5545.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1990.
 
 1
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and JOINER, Senior District Judge*.
 
 ORDER
 
 2
 James K. Knowles, Jr., is a pro se federal prisoner who appeals the dismissal of a prison conditions suit that he had filed under 28 U.S.C. Sec. 1361. Cf. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971). His case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 3
 In his complaint, Knowles sought injunctive relief for a variety of allegedly unconstitutional conditions within the Scott Unit at the Federal Correctional Institution in Lexington, Kentucky. The gravemen of his complaint appears to be that the prisoners in Scott Unit were not afforded adequate protection by the appellees. However, he does not allege that any of the prisoners were injured because of lax security.
 
 
 4
 On March 19, 1990, the district court issued an order that denied Knowles's motion for class certification and for preliminary injunctive relief. The court also dismissed Knowles's complaint without prejudice because he had not exhausted his administrative remedies. It is from this judgment that Knowles now appeals. His brief on appeal contains a request for counsel. In addition, Knowles requests that the instant case be consolidated with a similar case which he filed in Minnesota where he is now incarcerated and that he be allowed to amend his complaint to include a claim under 28 U.S.C. Sec. 1346.
 
 
 5
 An examination of the record indicates that Knowles did not file a formal complaint or an administrative appeal regarding any of his claims as required by 28 CFR Secs. 542.13(b)-.15. The district court properly dismissed the case because of his failure to exhaust these administrative remedies. See Davis v. Keohane, 835 F.2d 1147, 1148-49 (6th Cir.1987) (per curiam). Knowles's attempt to contact the director of the Bureau of Prisons does not excuse his failure to pursue the other procedures that are required by the regulation.
 
 
 6
 In addition, Knowles concedes that he is no longer incarcerated in Scott Unit and that Scott Unit is no longer being used to house inmates who require special protection because of their cooperation with the United States. In light of these developments, Knowles's claim for injunctive relief is clearly moot. See MaGee v. Waters, 810 F.2d 451, 452 (4th Cir.1987); McKinnon v. Talledega County, Ala., 745 F.2d 1360, 1363 (11th Cir.1984).
 
 
 7
 Accordingly, Knowles's requests for counsel, for consolidation and for amendment are hereby denied. The district court's judgment is hereby vacated and this case is remanded with directions that it be dismissed as moot. Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation