14 F.3d 600
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Robert Lee BOLES, Jr., Plaintiff-Appellant,
v.
Jean KARRER; Robert Lecureux, Defendants-Appellees.
 No. 93-1880.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1993.
 
 1
 Before: BOGGS and SILER, Circuit Judges, and CHURCHILL, Senior District Judge.*
 
 ORDER
 
 2
 Robert Lee Boles, Jr., a pro se Michigan prisoner, appeals a district court order granting summary judgment to the defendants in his civil rights complaint filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary, declaratory, and injunctive relief, Boles sued the law librarian (Karrer) and the warden (LeCureux) of Kinross Correctional Facility in their individual and official capacities for allegedly violating his rights under the First and Fourteenth Amendments. Boles alleged that Karrer denied him adequate access to the law library to perform legal research for his own pending and contemplated legal actions and for those of other prisoners he was assisting. He further alleged that LeCureux, in response to a grievance he had filed against Karrer, supported the librarian's actions. On March 22, 1993, upon consideration of cross-motions for summary judgment, a magistrate judge issued a report in which he recommended that the plaintiff's motions for summary judgment be denied and the defendants' motion be granted. Boles filed timely objections, but the district court found these to be without merit, adopted the magistrate judge's report and recommendation, and dismissed the case in an order and judgment filed on June 7, 1993.
 
 
 4
 On appeal, Boles argues that the district court abused its discretion by refusing to grant his motion for sanctions and denying his third motion to compel discovery and that the district court erred in granting summary judgment for the defendants and dismissing his complaint.
 
 
 5
 Upon review, we affirm the district court's judgment because no genuine issue of material fact exists and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 6
 Initially, we conclude that the district court did not abuse its discretion in denying Boles's motion for sanctions. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990) (Fed.R.Civ.P. 11); Regional Refuse Sys., Inc. v. Inland Reclamation Co., 842 F.2d 150, 154 (6th Cir.1988) (Fed.R.Civ.P. 37). Nor was there abuse of discretion in the denial of Boles's motion to compel discovery. See Lavado v. Keohane, 992 F.2d 601, 604 (6th Cir.1993).
 
 
 7
 The district court did not err in granting summary judgment for the defendants on Boles's substantive issues because he has not demonstrated a denial of meaningful access to the courts and he has no constitutional right to provide legal representation to other prisoners.
 
 
 8
 Because Boles has been transferred to another institution, his claims for declaratory and injunctive relief are moot. See Magee v. Walters, 810 F.2d 451, 452 (4th Cir.1987); Goar v. Civiletti, 688 F.2d 27, 29 (6th Cir.1982); Watts v. Brewer, 588 F.2d 646, 648 (8th Cir.1978). His claim for damages survives. Id. Nonetheless, it is meritless.
 
 
 9
 The Supreme Court has held that the First Amendment guarantees to prisoners the right of meaningful access to the courts. See Bounds v. Smith, 430 U.S. 817, 824-25 (1977). This right guarantees access only to the courts and not necessarily to the prison law library; however, access to the library and the pertinent guidelines regulating time, place, and manner of legal research are relevant to the analysis of a claim alleging a violation of this right. See Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). Hence, this court has not established a constitutionally-mandated minimum number of hours in which a prisoner must have access to the law library. Instead, the focus of analysis of an access to the courts claim is whether the prison officials' actions actually denied the prisoner a "reasonably adequate opportunity" to present his claims in court. Bounds v. Smith, 430 U.S. at 825. The record in this case clearly demonstrates that Boles was not denied meaningful access to the courts under this standard.
 
 
 10
 Finally, Boles has no constitutional right to be a "jailhouse lawyer." See Smith v. Maschner, 899 F.2d 940, 950 (10th Cir.1990); Newsom v. Norris, 888 F.2d 371, 374 (6th Cir.1989). His apparent and voluntary assumption of a larger caseload than he could adequately research during his allotted law library time cannot be attributed to the defendants.
 
 
 11
 Accordingly, the district court's order and judgment, entered on June 8, 1993, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation