86 F.3d 1152
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michael Sylvester PROCTOR, Plaintiff-Appellant,
v.
SOUTH CAROLINA DEPARTMENT OF CORRECTIONS; Geraldine P.
Miro, Warden, Allendale Correctional Institution,
individually and in her official capacity; Richard J.
McCants, Acting Warden, personally and in his official
capacity; Yvonne Wilkins, Unit Manager, personally and in
her official capacity; Parker Evatt, Commissioner, South
Carolina Department of Corrections, personally and in his
official capacity; Jane Doe, personally and in her official
capacity; Richard Roe, personally and in his official
capacity, Defendants-Appellees.
 No. 95-7491.
 United States Court of Appeals, Fourth Circuit.
 Submitted: December 26, 1995.
Decided: May 24, 1996.
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston. Henry M. Herlong, Jr., District Judge. (CA-94-1504-2-20AJ)
 D.S.C.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Michael Sylvester Proctor, Appellant Pro Se. Joseph Crouch Coleman, Columbia, South Carolina, for Appellees.
 Before WILKINSON, Chief Judge, NIEMEYER, Circuit Judge, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 The Appellant, Michael Proctor, sued the Defendants alleging that they were deliberately indifferent to a serious medical condition by exposing him to excessive levels of environmental tobacco smoke. Proctor sought injunctive, declaratory, and monetary damages in such amount as the court may find appropriate. Prior to ruling on the Defendants' motion for summary judgment, the district court, upon learning that Proctor had been transferred to another institution, summarily dismissed the action as moot.
 
 
 2
 The claims for injunctive and declaratory relief were properly dismissed on that basis. See Magee v. Waters, 810 F.2d 451, 452 (4th Cir.1987). A claim for money damages is not, however, mooted by an inmate's transfer to another facility. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir.1991). Because Proctor plainly sought monetary relief, that claim was not properly dismissed as moot. Accordingly, we affirm the dismissal of all of Proctor's claims except his claim for monetary damages. We remand that claim to the district court for a determination of its merits.*
 
 
 3
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 *
 See Helling v. McKinney, --- U.S. ----, 61 U.S.L.W. 4648 (U.S. June 18, 1993) (No. 91-1958) (exposure, with deliberate indifference, of an inmate to excessive environmental tobacco smoke may constitute violation of eighth amendment rights)