UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

MICHAEL SYLVESTER PROCTOR,
Plaintiff-Appellant,

v.

SOUTH CAROLINA DEPARTMENT OF
CORRECTIONS; GERALDINE P. MIRO,
Warden, Allendale Correctional
Institution, individually and in her
official capacity; RICHARD J.
MCCANTS, Acting Warden,
personally and in his official
capacity; YVONNE WILKINS, Unit                  No. 95-7491
Manager, personally and in her
official capacity; PARKER EVATT,
Commissioner, South Carolina
Department of Corrections,
personally and in his official
capacity; JANE DOE, personally and
in her official capacity; RICHARD
ROE, personally and in his official
capacity,
Defendants-Appellees.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Henry M. Herlong, Jr., District Judge.
(CA-94-1504-2-20AJ)

Submitted: December 26, 1995

Decided: May 24, 1996

Before WILKINSON, Chief Judge, NIEMEYER, Circuit Judge, and
PHILLIPS, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Michael Sylvester Proctor, Appellant Pro Se. Joseph Crouch Coleman, Columbia, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The Appellant, Michael Proctor, sued the Defendants alleging that they were deliberately indifferent to a serious medical condition by exposing him to excessive levels of environmental tobacco smoke. Proctor sought injunctive, declaratory, and monetary damages in such amount as the court may find appropriate. Prior to ruling on the Defendants' motion for summary judgment, the district court, upon learning that Proctor had been transferred to another institution, summarily dismissed the action as moot.

The claims for injunctive and declaratory relief were properly dismissed on that basis. See Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987). A claim for money damages is not, however, mooted by an inmate's transfer to another facility. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Because Proctor plainly sought monetary relief, that claim was not properly dismissed as moot. Accordingly, we affirm the dismissal of all of Proctor's claims except his claim for monetary damages. We remand that claim to the district court for a determination of its merits.*

_____

*See Helling v. McKinney, ___ U.S. ___, 61 U.S.L.W. 4648 (U.S. June 18, 1993) (No. 91-1958) (exposure, with deliberate indifference, of an inmate to excessive environmental tobacco smoke may constitute violation of eighth amendment rights).

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED

3