86 F.3d 1157
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Warren Jay WEST, Plaintiff-Appellant,
v.
John G. OVERLY, et al., Defendants-Appellees.
 No. 95-3782.
 United States Court of Appeals, Sixth Circuit.
 May 29, 1996.
 
 Before: WELLFORD, NORRIS, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Warren Jay West appeals a district court judgment dismissing his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 West filed his complaint in the district court alleging that he was subjected to unconstitutional treatment as a pretrial detainee in the Union County, Ohio, Jail beginning in October 1993. Plaintiff named as defendant the Sheriff of Union County, John Overly, in an unspecified capacity and sought only injunctive relief. Before defendant Overly served a responsive pleading, plaintiff filed an amended complaint in which he alleged additional unconstitutional treatment and sought additional injunctive relief against defendant Overly in an unspecified capacity. In addition, plaintiff asserted that his complaint as amended was a class action suit.
 
 
 3
 After the parties filed pretrial statements, plaintiff filed a motion for leave to amend his complaint to add additional defendant jail employees (again in unspecified capacities), a motion for class action certification, and a motion for the appointment of counsel. Defendant Overly then filed a motion for summary judgment, and the district court denied plaintiff's motions for class certification and for appointment of counsel. Plaintiff responded in opposition to defendant's motion for summary judgment. The district court then granted plaintiff's motion for leave to amend his complaint to add additional defendants, but granted summary judgment in favor of the original defendant Overly. The parties then agreed to dismissal of plaintiff's remaining claims with prejudice to expedite review of the district court's grant of summary judgment to defendant Overly, and the district court entered judgment accordingly. Upon consideration, the judgment of the district court is affirmed for the reasons stated by the district court in part and for reasons somewhat different from those stated by the district court in part. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam).
 
 
 4
 First, the district court correctly concluded that plaintiff's claims for injunctive relief are moot. It is undisputed that plaintiff is no longer a pretrial detainee incarcerated in the Union County Jail. The record reflects that in March 1994, plaintiff was transferred from the Union County Jail to the Ohio prison system following a criminal conviction. Under these circumstances, plaintiff's claims for injunctive relief are moot. See Cooper v. Sheriff, Lubbock County Tex., 929 F.2d 1078, 1084 (5th Cir.1991) (per curiam); Magee v. Waters, 810 F.2d 451, 452 (4th Cir.1987); McKinnon v. Talladega County, Ala., 745 F.2d 1360, 1363 (11th Cir.1984). Accordingly, summary judgment with respect to plaintiff's claims for injunctive relief was proper.
 
 
 5
 Second, plaintiff did not adequately plead a claim for money damages in the district court. Plaintiff did not include claims for money damages in his complaint or in either of his amended complaints. Rather, plaintiff specifically pleaded only claims for injunctive relief as noted. Although plaintiff asserted that he sought an unspecified amount of unspecified money damages in his pleadings in which he sought class action status, we conclude that any claim for money damages is meritless in any event.
 
 
 6
 Nowhere did plaintiff specify the capacities in which he intended to sue any of the defendant county employees named herein. Under these circumstances, plaintiff's action should be treated as one brought against Union County. See Barber v. City of Salem, Ohio, 953 F.2d 232, 237 (6th Cir.1992); Leach v. Shelby County Sheriff, 891 F.2d 1241, 1245 (6th Cir.1989), cert. denied, 495 U.S. 932 (1990). Therefore, plaintiff must show that he was injured as a result of a "policy or custom" attributable to Union County. See Leach, 891 F.2d at 1245-48. Here, the record is devoid of evidence of a county policy of deliberate indifference to the needs of prisoners incarcerated in the Union County Jail. Therefore, any claim for money damages is without merit in any event.
 
 
 7
 Finally, plaintiff's claim on appeal that he was not provided adequate discovery is meritless. Generally, a grant of summary judgment will not be reversed because a party claims it received inadequate time for discovery absent a clear abuse of discretion. See Gordon v. Barnes Pumps, Inc., 999 F.2d 133, 138 (6th Cir.1993); Wolotsky v. Huhn, 960 F.2d 1331, 1338 (6th Cir.1992). Here, plaintiff generally objects that the district court denied his efforts to compel discovery as moot after the court granted summary judgment for those defendants. However, plaintiff points to no genuine issue of material fact which may have been established had an order been issued compelling defendants' responses to these interrogatories. Under these circumstances, plaintiff's claim that he was not afforded adequate opportunity to complete discovery lacks merit.
 
 
 8
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.