**Michael E. MILLER, Plaintiff–Appellant,**

**v.**

**Margarette T. GHEE; Raymond E. Capots, Defendants–Appellees.**

**No. 00–3186.**

United States Court of Appeals, Sixth Circuit.

Aug. 9, 2001.

Before KEITH, NORRIS, and BATCHELDER, Circuit Judges.

*ORDER*

Michael E. Miller, an Ohio prisoner at the time this action was filed (Miller was released from prison on May 18, 2000 upon the expiration of his sentence), appeals a district court judgment dismissing his civil

rights complaint filed under 42 U.S.C. § 1983 and the Americans with Disability Act ("ADA"). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Miller filed this lawsuit alleging that the defendants, who are members of the Ohio Adult Parole Authority ("OAPA"), discriminatorily denied Miller's April 1996 parole application. Specifically, Miller alleged that the OAPA denied him parole on the basis of race, gender, and disability, and that the OAPA implemented policies that (1) deny parole to Caucasian prisoners to obtain racial balance in the prison system; (2) deny parole to handicapped prisoners on the basis of their disabilities; and (3) treat male prisoners differently from female prisoners.

To effectuate these discriminatory policies, Miller alleged that the OAPA disregarded its duty to follow the Ohio Parole Board Guidelines ("guidelines") during his parole hearing. Had it properly implemented the guidelines, Miller alleged that it would have found that he "is a guideline 2," meaning that he "usually will be released at first hearing or after one continuance" of five to eight months. Instead, the OAPA went "5 to 9 times above the recommended continuance" and exceeded his continuance for a "guideline 5," although the complaint is unclear as to the exact amount of time that the OAPA continued his incarceration. Miller also alleged that the OAPA improperly considered the nature of the offense for which he is incarcerated during his hearing, as "[t]his was taken into consideration by the Sentencing Judge already."

Miller asserted a § 1983 claim, alleging violations of the Equal Protection Clause, the First Amendment, and the Ex Post Facto Clause. He also asserted an ADA claim. He sought "an order [of] Judicial Release," an order requiring the OAPA to state clearly its reasons for parole determinations, compensatory and punitive damages, and a court investigation into a criminal conspiracy on the part of the OAPA to abuse its authority and falsify records, with "criminal charges filed against everyone involved."

The district court dismissed Miller's § 1983 claims without prejudice in an order filed April 19, 1999. Thereafter, the defendants filed a motion to dismiss Miller's ADA claim. The district court granted the defendants' motion to dismiss after concluding that Miller's ADA claim was barred by the doctrine announced in *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). This timely appeal followed.

Initially, we note that Miller's release from prison moots his requests for release, a statement of reasons, a court investigation, and the filing of criminal charges. *See Weinstein v. Bradford,* 423 U.S. 147, 148, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975); *Preiser v. Newkirk,* 422 U.S. 395, 402–03, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975); *Magee v. Waters,* 810 F.2d 451, 452 (4th Cir. 1987); *Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985); *Goar v. Civiletti,* 688 F.2d 27, 29 (6th Cir.1982); *Wycoff v. Brewer,* 572 F.2d 1260, 1262 (8th Cir.1978). Only the claim for damages would not be moot.

This court reviews de novo a district court decision to dismiss a suit pursuant to Fed.R.Civ.P. 12(b)(6). *See Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir.1998); *Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir.1996). The court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of

facts in support of his claims that would entitle him to relief. *Id.*

■ Upon review, we conclude that the district court properly dismissed Miller's § 1983 claim. First, Miller did not have a constitutionally protected liberty interest in his parole. *See Greenholtz v. Inmates of Neb. Penal and Corr. Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Further, Miller's claim for damages was not cognizable under § 1983 insofar as a ruling on this claim would affect the validity of his confinement, until Miller shows that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a writ of habeas corpus. *See Heck,* 512 U.S. at 486–87. Contrary to Miller's argument on appeal, the fact that he specifically requested release causes this case to be one in which he is attacking the parole decision, not merely the parole procedures. Granting such relief necessarily implicates the validity of his continued confinement. *See Heck,* 512 U.S. at 486–87. Thus, his claim for damages is barred by the doctrine announced in *Heck.*

■ The dismissal of Miller's ADA claim should be affirmed for a different reason than that relied upon by the district court. *See City Mgmt. Corp. v. U.S. Chem. Co.,* 43 F.3d 244, 251 (6th Cir.1994). The Eleventh Amendment bars this action against the state based on the ADA. *See Bd. of Trustees v. Garrett,* 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.