Allen Frank MARTIN, Appellant,

v.

Willis SARGENT, Warden, Cummins Unit, Arkansas Department of Correction, Tim Baltz, Rick Mashburn, Brad Hendricks, K.L. Strickland and B. Buchanan, Appellees.

No. 85–2058.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 23, 1985.

Decided Dec. 20, 1985.

---

Allen Frank Martin, pro se.

Sandra John-Buchanan, Little Rock, Ark., and Alan Humphries, Pine Bluff, Ark., for appellees.

Before ROSS, McMILLIAN and FAGG, Circuit Judges.

McMILLIAN, Circuit Judge.

Allen F. Martin appeals *pro se* from a district court[1] order dismissing his complaint for failure to state a claim. Appel-

[1]. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

lant brought his claims under 42 U.S.C. § 1983 seeking declaratory, injunctive and monetary relief for numerous alleged violations of his eighth amendment rights by Arkansas prison officials and employees. He named as defendants: Willis Sargent, Warden of the Cummins Unit; Tim Baltz, Warden of the Wrightsville Unit; Brad Hendricks, Assistant Warden of the Wrightsville Unit; Rick Mashburn, Security Chief of the Wrightsville Unit; K.L. Strickland, Administrative Review Officer of the Wrightsville Unit; and B. Buchanan, Infirmary Supervisor of the Wrightsville Unit. In dismissing the complaint, the district court reasoned that appellant failed to allege facts to demonstrate that appellees' actions affected him personally. For the reasons discussed below, we affirm in part and reverse in part and remand the case to the district court for further proceedings.

As a preliminary matter, we must decide whether to treat appellee Sargent's motion as one to dismiss for failure to state a claim or as one for summary judgment. Under Fed.R.Civ.P. 12(b), when matters outside the pleadings are presented with a motion to dismiss for failure to state a claim and the district court does not exclude them, the motion should be treated as one for summary judgment as provided in Fed.R.Civ.P. 56. *See Carter v. Stanton*, 405 U.S. 669, 671, 92 S.Ct. 1232, 1234, 31 L.Ed.2d 569 (1972). This court has applied the rule when both parties have filed affidavits and exhibits with their cross-motions, *Evans v. McDonnell Aircraft Corp.*, 395 F.2d 359, 361 (8th Cir.1968), or when the district court relied upon matters outside the pleadings of the one party who filed them. *See Court v. Hall County*, 725 F.2d 1170, 1172 (8th Cir.1984); *Woods v. Dugan*, 660 F.2d 379, 380 (8th Cir.1981); *Jensen v. Klecker*, 599 F.2d 243, 245 (8th Cir.1979). In the present case both appellee Sargent and appellant filed affidavits. They did not, however, file them in regard to responsive motions. Moreover, the district court did not rely upon the affidavits

in dismissing appellant's claims. Therefore, the district court properly treated the motion as one for dismissal for failure to state a claim.

## I. Willis Sargent

■ Appellant brings several claims against Sargent for injunctive and declaratory relief to improve the general conditions at Cummins. "The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again...." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S.Ct. 1660, 1670, 75 L.Ed.2d 675 (1983). Consequently, a prisoner's claim for injunctive relief to improve prison conditions is moot if he or she is no longer subject to those conditions. *See Wycoff v. Brewer*, 572 F.2d 1260, 1262 (8th Cir.1978). Appellant is now imprisoned in the Wrightsville Unit. Thus, his claims for injunctive relief are moot. For the same reason, he does not have standing to seek declaratory relief. *See Vorbeck v. Schnicker*, 660 F.2d 1260, 1265 (8th Cir.1981), *cert. denied*, 455 U.S. 921, 102 S.Ct. 1278, 71 L.Ed.2d 462 (1982). Nonetheless, he retains standing to bring his claims for monetary damages. *Wycoff v. Brewer*, 572 F.2d at 1261.

■ Many of appellant's claims against Sargent do not allege any personal injury. Rather, the claims allege mistreatment of other prisoners. A prisoner cannot bring claims on behalf of other prisoners. *See Miner v. Brackney*, 719 F.2d 954, 956 (8th Cir.1983) (per curiam), *cert. denied*, —— U.S. ——, 104 S.Ct. 3554, 82 L.Ed.2d 856 (1984); *Carter v. Romines*, 560 F.2d 395, 395 (8th Cir.1977) (per curiam), *cert. denied*, 436 U.S. 948, 98 S.Ct. 2854, 56 L.Ed.2d 790 (1978). A prisoner must allege a personal loss. Therefore, appellant lacks standing to bring claims alleging mistreatment of other prisoners.

■ Other claims against Sargent are merely general and conclusory allegations. For example, appellant alleged that "[b]oth medical and routine health care at the Cummins Unit are, when available at all, ... inadequate.... The standards at the Cummins Unit are well below those generally accepted as adequate within the jurisdiction of this court, and the State of Arkansas." Complaint ¶ X, O.R. 3. Appellant further alleged that "[t]he disciplinary court at said unit does not abide by the due process clause. The committee chairperson, Lt. Ruhge, has no regard for prisoners' rights or whether due process is given to prisoners while in court." *Id.* ¶ XIV, O.R. 3. Although it is to be liberally construed, a *pro se* complaint must contain specific facts supporting its conclusions. *Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir.1981). Appellant fails to allege such facts and these claims were correctly dismissed.

■ Appellant does make several specific claims that he was abused by members of prison staff, none of whom are defendants. He alleges that he was (1) verbally abused and physically threatened due to his religious beliefs, (2) subjected to racial slurs, (3) physically abused for falling behind in his work, and (4) denied class status because of the length of his hair. Appellant does not allege that Sargent had any knowledge or connection with these incidents. Rather, appellant argues that Sargent should be liable for all events in the prison by virtue of his supervisory position. Such claims are predicated on a *respondeat superior* theory which does not apply in § 1983 suits for damages. *Marchant v. City of Little Rock*, 741 F.2d 201, 204–05 (8th Cir.1984). Therefore, the district court properly dismissed these claims as well.

■ Appellant also alleges that Sargent assigned him to tasks beyond his physical abilities. Compelling prisoners to work beyond their strength is a violation of the eighth amendment. *Ray v. Mabry*, 556 F.2d 881, 882 (8th Cir.1977). Thus, appellant states a claim.

■ Appellant does allege that Sargent made general policies that violated his constitutional rights. He alleges that Sargent (1) restricted his access to the general community through limitations on mail, vis-

itation and telephone privileges; (2) denied him an adequate diet; (3) failed to take adequate measures to preserve sanitation and to prevent the spread of contagious diseases; (4) denied him proper items for personal hygiene; and (5) denied him adequate opportunity for physical exercise. A prison warden can be held liable for policy decisions which create unconstitutional conditions. *Messimer v. Lockhart*, 702 F.2d 729, 732 (8th Cir.1983). In order to survive a motion to dismiss, a prisoner need not plead more than that the warden was directly involved in the decision. *Id.* Appellant's allegations against Sargent satisfy this standard.

■ The next issue is whether these allegations, if true, rise to the level of constitutional violations. Appellant's claims regarding limitations on mail, visitation and telephone privileges are clearly without merit. Prison officials can reasonably limit prisoners' activities when necessary to maintain security. *Pell v. Procunier*, 417 U.S. 817, 822–23, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974); *Rogers v. Scurr*, 676 F.2d 1211, 1215 (8th Cir.1982). This court has upheld necessary reasonable limitations on prisoners' rights to communicate with people outside the prison. *Stevens v. Ralston*, 674 F.2d 759, 761 (8th Cir.1982) (per curiam); *Jensen v. Klecker*, 648 F.2d 1179, 1182 (8th Cir.1981) (per curiam). Appellant does not allege the existence of unreasonable limitations.

■ Several of appellant's allegations against Sargent relate to his conditions of confinement. A prisoner's conditions of confinement are subject to eighth amendment scrutiny. *Hutto v. Finney*, 437 U.S. 678, 685, 98 S.Ct. 2565, 2570, 57 L.Ed.2d 522 (1978); *Goff v. Menke*, 672 F.2d 702, 705 (8th Cir.1982). Appellant's claims regarding an inadequate diet, the unhealthfulness of the prison's physical conditions, denial of personal hygiene items, and the lack of sufficient opportunity to exercise all state claims for which he should be allowed to present evidence.

## II. Tim Baltz

■ Appellant does not allege that Baltz was personally involved in or had direct responsibility for incidents that injured him. His claims, therefore, are not cognizable in § 1983 suits. *Marchant v. City of Little Rock*, 741 F.2d at 204–05.

## III. Brad Hendricks

■ Appellant alleges that Hendricks restricted his access to the general community through limitations on mail, visitation and telephone privileges. Appellant does not allege unreasonable restraints. Therefore, he does not state a claim based on this allegation.

■ Appellant also alleges that "the defendant has personally informed plaintiff that if he never cut his hair and shaved his beard that he would lose what class he had and would have a bad time at Wrightsville." Verbal threats are not constitutional violations cognizable under § 1983. *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.), *cert. denied*, 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983).

■ Appellant also alleges that Hendricks ordered "his subordinates to keep total control over plaintiff's legal correspondence." Prisoner mail is protected by the Constitution. *Procunier v. Martinez*, 416 U.S. 396, 408–09, 94 S.Ct. 1800, 1809, 40 L.Ed.2d 224 (1974). Although prison officials can impose restraints on inmate mail which promote the prison's interests in preserving order and security, *id.* at 413, 94 S.Ct. at 1811, appellant alleges a significant restraint on his right to correspond. Therefore, he states a claim against Hendricks.

## IV. Rick Mashburn

■ Appellant alleges that Mashburn called him an obscene name and threatened him with adverse consequences unless he cut his hair and shaved. Name calling is not a constitutional violation. *See Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir.1975) (per curiam) (defamation is not a constitutional violation). In addition,

reasonable regulation of a prisoner's hair length has been upheld when necessary for security reasons. *See Rinehart v. Brewer,* 491 F.2d 705, 706 (8th Cir.1974) (per curiam). Absent an allegation that he was being discriminatorily forced to get a haircut, appellant fails to state a claim against Mashburn.

## V. K.L. Strickland

 Appellant alleges that Strickland verbally abused and threatened him for filing grievances. Verbal threats do not constitute a constitutional violation. Moreover, Martin does not allege that he was deprived of access to the grievance procedures. Therefore, he fails to state a claim against Strickland.

## VI. B. Buchanan

 Appellant alleges that Buchanan denied him proper medical care in regard to pains in his lower back and upper right arm.[2] Inadequate prison health care rises to a violation of the eighth amendment only if officials have been deliberately indifferent to a serious medical need. *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Appellant does not state any facts indicating that Buchanan was deliberately indifferent to his problem. Rather, he merely disagrees with the medical treatment. Such disagreement does not constitute a constitutional violation. *Massey v. Hutto,* 545 F.2d 45, 46 (8th Cir.1976) (per curiam). Therefore, he fails to state a claim against Buchanan.

Accordingly, the order of the district court is affirmed in part and reversed in part. Those claims that are dismissed are dismissed without prejudice. The case is remanded to the district court for further proceedings consistent with this opinion. We also direct the district court to appoint counsel to assist appellant on remand.

---

2. Appellant also complains of receiving ineffective treatment for poison ivy. He does not, however, identify who treated him. Thus, this allegation fails to state a claim.