Stephen W. GUMPL, et al., Plaintiffs,

v.

Richard P. SEITER, et al., Defendants.

No. C–1–85–1432.

United States District Court,
S.D. Ohio, W.D.

May 26, 1988.

Alphonse A. Gerhardstein, Cincinnati, Ohio, for Stephen W. Gumpl.

Stephen W. Gumpl, Lucasville, Ohio, pro se.

Sylvester Milner, London, Ohio, pro se.

Frederick C. Schoch, Asst. Atty. Gen., Columbus, Ohio, for defendants.

## ORDER

**HERMAN J. WEBER,** District Judge.

This matter is before the Court on the Report and Recommendation of the United States Magistrate (doc. no. 47) recommending to this Court that the plaintiffs' Motion for the Issuance of a Preliminary Injunction (doc. no. 34) be denied. Plaintiffs move this Court to enjoin the defendants, through their agents, from harassing, threatening, and trying to remove plaintiffs and their witnesses from the Protective Control Block as punishment for approaching this Court. They also request a hearing on their Motion.

Plaintiffs contend that they have been subjected to harassment and retaliation since the filing of this lawsuit. They allege that they have been charged falsely with rules infractions in an effort to get them removed from protective custody and separated from their "witnesses" in protective custody. Plaintiffs have submitted affidavits in support of their allegations that they are being "set up" with infraction tickets in an effort to transfer them out of protective custody into a disciplinary block. Plaintiffs allege that they will be killed if confined in the disciplinary block. Plaintiffs request an order permitting them to remain in the protective custody block of SOCF.

Subsequent to the filing of the motion for preliminary injunction, plaintiffs submitted "addendums" (Docs. 37,38) which set forth additional allegations in support of the motion for preliminary injunction. Plaintiffs allege that plaintiff Milner was found not guilty of the rule infraction. While plaintiff Howard was initially found guilty of the rule infraction, his conviction was subsequently reversed and plaintiff Howard was returned to protective custody. Plaintiffs allege that inmate Pinkerman's conviction was not reversed and that inmate Pinkerman remains in disciplinary confinement as a result. Plaintiff Gumpl has not been tried on the disciplinary charge. Subsequent to the filing of the Report and Recommendation, however, Plaintiff Gumpl was transferred to Marion Correctional Facility, which he alleges placed him in "a very dangerous situation" and that upon transfer back to SOCF, plaintiff Gumpl lost 2 security level points and 8 supervision level points.

In determining whether to grant the Motion for Preliminary Injunction, the Court must consider four factors:

1) Whether plaintiffs have shown a strong or substantial likelihood or probability of success on the merits;

2) Whether plaintiffs have shown irreparable injury;

3) Whether the issuance of a preliminary injunction would cause substantial harm to others;

4) Whether the public interest would be served by issuing a preliminary injunction.

*Friendship Materials, Inc. v. Michigan Brick, Inc.,* 679 F.2d 100, 102 (6th Cir. 1982); *Mason County Medical Association v. Knebel,* 563 F.2d 256, 261 (6th Cir.1977).

In *Friendship Materials,* the Sixth Circuit Court of Appeals made it clear that a District Court is prohibited from granting a preliminary injunction without making specific findings of irreparable injury to the party seeking the injunction. Absent such a finding, this Court may not merely weigh the harm likely to be suffered by the plaintiff absent a preliminary injunction against the harm an injunction could cause to the defendant, regardless of the Court's opinion on the plaintiffs' chance of success on the merits. The Court must have before it irreparable harm which decidedly outweighs any potential harm to the defendant if an injunction is issued.

Unsubstantiated and unexplained assertions that "Plaintiffs and their witnesses would be killed if forced into disciplinary blocks with the very people they put into those blocks, and if permanently removed from the Protective Control Unit, plaintiffs would be killed in General Population" do not permit a finding of irreparable harm by this Court. The threat of injury is speculative, and is insufficient to support the grant of injunctive relief. See *Storms v. Coughlin,* 600 F.Supp. 1214, 1225 (S.D.N.

Y.1984). During the passing of time since plaintiffs filed their motion, such injury has not materialized as evidenced by plaintiff Gumpl's continued correspondence with this and other courts.

As to consideration of the harassment of the plaintiffs through the use of fictitious rule infractions, the claims of plaintiffs Howard and Milner are moot since Howard's conviction was reversed and Milner was found not guilty on the rules infraction charge.

On the other hand, the harm to defendants is the disruption of its internal procedure and interference therein by this Court, an action strictly proscribed by the United States Supreme Court. *Hewitt v. Helms,* 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). It is for the jail administrators to determine whether the plaintiffs are guilty of any rule infractions. This Court may only determine whether the administrators are guilty of Constitution violations. *Rhodes v. Chapman,* 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). While retaliatory discipline for contacting or filing a lawsuit in this Court shall not be tolerated, this Court will not enjoin disciplinary proceedings absent a finding that such proceedings were not conducted according to Constitutional standards.

Further, this Court specifically finds that a hearing would not be beneficial on this issue at this time, as the complaints contained in the motion for a preliminary injunction can be more appropriately investigated during a trial on the merits.

Plaintiffs do not have standing to raise a claim of unconstitutional treatment on behalf of Inmate Pinkerman. *Jaco v. Bloechle,* 739 F.2d 239 (6th Cir.1984). Plaintiffs must demonstrate real or threatened injury to themselves, not to other inmates, to have standing to litigate a constitutional claim. *Warth v. Seldin,* 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); *Martin v. Sargent,* 780 F.2d 1334 (8th Cir.1985); *Cotner v. Campbell,* 618 F.Supp. 1091 (E.D.Okla.1985).

Upon consideration, the issuance of a preliminary injunction in the present case would effectively insulate plaintiffs from any disciplinary proceedings during the pendency of this lawsuit. The Court may not encroach in an area best left to the expertise of prison officials in the absence of a strong showing that plaintiffs are under an impending threat of irreparable harm. The Report and Recommendation is therefore ADOPTED.

IT IS SO ORDERED.