894 F.2d 407
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Nelson K. FOSTER, Plaintiff-Appellant,
v.
Mike GARDNER, Sheriff, Sullivan County Correctional
Facility; Steve Norris, Commissioner, Tennessee
Department of Corrections, Defendants-Appellees.
 No. 89-5019.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1990.
 
 Before BOYCE F. MARTIN, Jr. and WELLFORD, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff appeals pro se from a district court order dismissing his civil rights action filed under 42 U.S.C. Sec. 1983 as moot. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his civil rights complaint, plaintiff alleged, individually and on behalf of similarly situated prisoners, that the conditions of confinement at the Sullivan County Correctional Facility are below the minimum standards created by the Tennessee Department of Corrections. Plaintiff sought an injunction requiring the Sullivan County Correctional Facility to comply with the rules and regulations of the Tennessee Department of Corrections, and also sought to have the case certified as a class action.
 
 
 3
 Upon review we conclude that the district court did not abuse its discretion in denying class certification and properly dismissed plaintiff's complaint as moot. First, the party asserting a class has the burden of proving that the prerequisites to the maintenance of a class action under Fed.R.Civ.P. 23 have been satisfied. Ott v. Speedwriting Publishing Co., 518 F.2d 1143, 1150 (6th Cir.1975). The district court found that the conditions for class certification were not met. We conclude that the denial of class certification was not an abuse of discretion. Watkins v. Simmons & Clark, Inc., 618 F.2d 398, 404 (6th Cir.1980).
 
 
 4
 Second, plaintiff's claims for injunctive relief to improve prison conditions were moot because plaintiff was no longer subject to those conditions. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985). Plaintiff is presently imprisoned in a Tennessee Department of Corrections facility. Plaintiff's transfer from the county facility rendered his claims for injunctive relief moot.
 
 
 5
 We decline to address the merits of plaintiff's claim that his transfer to the Tennessee Department of Corrections facility was motivated by unlawful retaliatory reasons because that claim is not properly before the court. See Pinney Dock and Transport Co. v. Penn Cent. Corp., 838 F.2d 1445, 1461 (6th Cir.), cert. denied, 109 S.Ct. 196 (1988). Furthermore, that claim is pending in the district court in Case No. CIV-2-88-281.
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.