768 F.Supp. 275 (1991)
Nicky HARDING, Plaintiff,
v.
Jim JONES, et al., Defendants.
No. N87-0119C.
United States District Court, E.D. Missouri, N.D.
July 17, 1991.
*276 Mary Louishomme, Mary E. Nelson, Lashly, Baer & Hamel, St. Louis, Mo., for plaintiff.
Paul Rauschenbach, Asst. Atty. Gen., Jefferson City, Mo., for defendants.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on motions for summary judgment of defendants. The Court heard argument on defendants' motions with defendants' counsel, plaintiff and plaintiff's court-appointed attorney in attendance.
Plaintiff, an inmate at the Moberly Correctional Center, (MCC) formerly known as the Missouri Training Center for Men, filed this action pursuant to 42 U.S.C. § 1983 against Jim Jones, the Superintendent of MCC; Raymond Newberry and Darryl Ridgeway, prison guards; Peter Daniels,[1] a former caseworker at MCC; and Stanley Morris,[2] a former inmate at MCC.
Plaintiff alleges that Morris persuaded Daniels to reveal certain information contained in plaintiff's prison file (namely, the telephone number of plaintiff's mother) to Morris. Morris then allegedly instructed his sister to place a telephone call to plaintiff's mother, Finnus Harding, and to request money from her. Morris' sister, Michelle Morris, allegedly placed the telephone call and told plaintiff's mother that plaintiff owed Morris one hundred dollars. Michelle Morris allegedly demanded that plaintiff's mother send her one hundred dollars which she would forward to Walter Morris in prison. Plaintiff filed a grievance concerning the disclosure of his mother's telephone number to Morris. Jones *277 responded to the grievance by stating that disciplinary action had been taken against Daniels. Newberry allegedly tried to coerce plaintiff into destroying his copy of Jones' response to the grievance. Although plaintiff named Ridgeway as a defendant, his involvement in the aforementioned incidents is unclear. Plaintiff alleges that Ridgeway "called plaintiff out of his assigned housing unit to his [Ridgeway's] office and wanted to know if plaintiff had Walter Morris [sic] radio."
On the basis of these allegations plaintiff claims that his eighth amendment rights were violated because he and Morris were allowed to remain in the general prison population despite the existence of a dispute between them. Plaintiff further contends that his constitutional rights were violated by Daniels' disclosure of information from plaintiff's prison file.
Defendants Jones, Newberry and Ridgeway have moved for summary judgment on plaintiff's claims contending that they are entitled to qualified good faith immunity from plaintiff's violation of privacy claim because the law governing a prisoner's right to privacy was not clearly established at the time of the incidents in question. They further contend that plaintiff cannot state a claim against defendant Jones because the allegations against him are based on respondeat superior liability which cannot form the basis of a claim under section 1983.
In support of their motion defendants Jones, Newberry and Ridgeway have submitted affidavits stating that they had no prior knowledge of Daniels' disclosure of information from plaintiff's prison file.
Defendants Jones, Newberry and Ridgeway also move for summary judgment on plaintiff's eighth amendment claim. They assert that plaintiff has no absolute constitutional right to be housed separately from an inmate with whom he has a dispute. They further contend that plaintiff had been informed of the procedures for requesting protective custody but did not request protective custody from any of the defendants. See Defendants' Exh. A at ¶ 5, Defendants' Exh. B at ¶ 9 and Defendants' Exh. C at ¶ 6. Finally, defendants offer documentation to demonstrate that shortly after these incidents occurred plaintiff explicitly rejected the offer of protective custody housing. See Defendants' Exh. D at p. 5-6.
Defendant Daniels also moves for summary judgment contending that he is entitled to qualified good faith immunity with respect to plaintiff's claims concerning the disclosure of information from his prison file. Daniels contends that law governing a prisoner's right to privacy of the materials contained in his prison file was not "clearly established" at or near the time of the events alleged in plaintiff's amended complaint. See Anderson v. Creighton, 483 U.S. 635, 639-40, 107 S.Ct. 3034, 3038-39, 97 L.Ed.2d 523 (1987). In support of this position defendants have referred the Court to the differing positions announced in cases decided contemporaneously with this incident. Whalen v. Roe, 429 U.S. 589, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977); Borucki v. Ryan, 827 F.2d 836 (1st Cir.1987); Williams v. Morgan, 710 F.Supp. 1080 (S.D.Miss.1989); Plowman v. Dep't of the Army, 698 F.Supp. 627 (E.D.Va.1988); Shirshekan v. Hurst, 669 F.Supp. 238 (C.D.Ill.1987).
Plaintiff did not file a written response to defendants' motions for summary judgment but plaintiff and plaintiff's counsel appeared for oral argument on these motions. At oral argument both plaintiff and plaintiff's counsel stated that they were unable to refute the various legal arguments set forth in defendants' motions. In addition, plaintiff failed to offer further factual support for either of his claims.
The Court has thoroughly reviewed defendants' legal arguments and the record before it and concludes that defendants' motions for summary judgment should be granted.
On the basis of the unrefuted affidavits and documentation before it, the Court concludes that plaintiff has not suffered a violation of his rights under the eighth amendment. Although plaintiff was informed of the availability of the protective custody procedure, plaintiff failed to *278 request protective custody and at a later date explicitly rejected protective custody. Plaintiff made a voluntary decision to remain in the general prison population. Defendants cannot be charged with deliberate indifference for allowing him to make such a decision.
The Court further concludes that plaintiff has failed to demonstrate a material factual dispute concerning the involvement of defendants Jones, Newberry and Ridgeway in the disclosure of information from plaintiff's prison file because these parties had no prior knowledge of the disclosure. The allegations against Jones, based as they are upon the theory of respondeat superior liability, do not state a claim pursuant to 42 U.S.C. § 1983. See Monell v. Dep't of Social Services of the City of New York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). It is also unrefuted that Jones, upon learning of the disclosure, admitted it and disciplined Daniels for the action. Therefore, Jones took constitutionally appropriate action on learning of the disclosure. Finally, the alleged threats by Newberry and Ridgeway's questioning of plaintiff concerning the radio do not state claims for relief pursuant to 42 U.S.C. § 1983. See Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir.1985) (verbal threats do not give rise to constitutional injury).
The Court also concludes that Daniels is entitled to qualified good faith immunity with respect to plaintiff's claim against him. The authorities cited by defendant and concurred in by plaintiff establish that there was no "clearly established" right to privacy in prison records at the time of the events in question. Anderson v. Creighton, 483 U.S. 635, 639-40, 107 S.Ct. 3034, 3038-39, 97 L.Ed.2d 523 (1987).
NOTES
[1] The State initially refused to waive service of process with respect to defendant Daniels, but following plaintiff's assertion that the State had entered its appearance on behalf of Daniels when it filed a response to plaintiff's request for temporary injunctive relief, the State sought and obtained leave to file on answer on behalf of Daniels.
[2] The State of Missouri waived service of process with respect to defendants Jones, Newberry and Ridgeway. Although the state refused to waive service of process with respect to Morris, plaintiff has never provided the Court with an address for Morris, a summons filled out for service on him or otherwise sought assistance in obtaining service on this defendant. Therefore, because he has never been served, the Court concludes that Morris is not a defendant in this action.