966 F.2d 1459
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Steve WILLIAMS; Plaintiff,
Mark MOORE, Appellant,
v.
Dick MOORE; Bill Armontrout; Ann Miracle; Urban A. Lock;
McClure; Tracy Franks; Glanda Walker; Brenda Tucks;
Debbie Mocher; Linda Woods; Jim Miller; John Doe; Jane
Doe; Dallas; Dr. Ryan; Dr. Robert Schoenen; M. Chillis, Appellees.
 No. 92-1318.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 27, 1992.
Filed: June 5, 1992.
 
 Before BOWMAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Mark Moore, a Missouri inmate, appeals the District Court's[1] denial of his motion for reconsideration in his 42 U.S.C. § 1983 action. We affirm.
 
 
 2
 While confined at the Algoa Correctional Center in Jefferson City, Missouri, Moore and other inmates filed a section 1983 complaint against several officials and medical staff at the prison, claiming that the quality of medical care at the prison was inadequate and that defendants failed adequately to diagnose, treat, and prevent the spread of an outbreak of tuberculosis (TB). Plaintiffs sought injunctive relief and damages, and they filed a motion for a temporary restraining order (TRO) and a preliminary injunction, requesting that the court order defendants to take certain actions to control the outbreak of TB. Moore was later transferred to the Farmington Correctional Center (FCC).
 
 
 3
 Adopting the findings and recommendations of the magistrate, the District Court denied plaintiffs' motion for a TRO and preliminary injunction under Dataphase Systems, Inc. v. CL Systems, Inc., 640 F.2d 109 (8th Cir. 1981), and dismissed Moore's claims for injunctive relief as moot because of Moore's transfer. Moore filed the instant motion for reconsideration, which the District Court denied. We conclude that the District Court did not abuse its discretion in denying Moore's motion for reconsideration. Moore was transferred to FCC, and he is no longer subject to the alleged unlawful conduct by the Algoa officials and medical staff. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (prisoner's claims for declaratory and injunctive relief to improve prison conditions were moot because prisoner was transferred to another facility and was no longer subject to those conditions). Moore's assertion that he is likely to be subject to those same conditions again is conclusory and unsupported. He has not shown that he is likely to be transferred back to Algoa. Even if Moore was transferred to FCC in retaliation for filing this action, as he asserts, his claims for injunctive relief remain moot. Moore's due process claim was not raised below, and therefore is waived as there is no showing of manifest injustice. See Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.), cert. denied, 471 U.S. 1126 (1985).
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri