977 F.2d 586
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Michael SINGH, Appellant,
v.
William HOLCOMB; Nina Davis; Paul Branham; William
Reifsteck, Appellees.
 No. 91-3395WM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 15, 1992.
Filed: October 2, 1992.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael Herbert Singh, a Missouri inmate, appeals from the district court's[1] 28 U.S.C. § 1915(d) dismissal of his 42 U.S.C. § 1983 action as frivolous. We affirm.
 
 
 2
 Singh brought this action against the following Fulton State Hospital staff members: William R. Holcomb, Superintendent; Nina Davis, Forensic Unit Director; and two hospital aides, Paul Branham and William Reifsteck. He alleged that, for extended periods while he was a patient at the hospital, the aides "deliberately and maliciously" kept him awake, and that, despite repeated requests and grievances, Davis and Holcomb "failed to take any measures to relieve [his] suffering." Singh asked for damages and injunctive relief,[2] contending that, as a result of defendants' actions, he still suffered from emotional distress, loss of memory, headaches, and poor concentration. Singh argues on appeal that the district court erred by concluding that his allegations, even if true, did not constitute the "unnecessary and wanton infliction of pain" necessary for an Eighth Amendment violation, and by not "taking notice" that he was committed to Fulton for treatment as a patient, not for punishment as a prisoner. He also adds several new claims against prison officials at the Farmington Correctional Center.[3]
 
 
 3
 We conclude that the district court correctly dismissed Singh's complaint as frivolous because his claim "lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). We note that Singh was committed to Fulton under Mo. Rev. Stat. § 552.050 (1991) as a mentally ill prisoner. "[C]ourts considering a prisoner's [conditions-of-confinement] claim must ask both if 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." Hudson v. McMillian, 112 S. Ct. 995, 999 (1992) (quoting Wilson v. Seiter, 111 S. Ct. 2321, 2326, 2329 (1991)). While Singh sufficiently alleged that Branham and Reifsteck had a culpable state of mind, the sleep deprivation he described did not show the "extreme deprivation" needed to fulfill the objective component of an Eighth Amendment conditions-of-confinement claim. See Hudson, 112 S. Ct. at 1000. Even viewing Singh as an involuntarily committed mental patient "entitled to more considerate treatment and conditions of confinement than criminals," Youngberg v. Romeo, 457 U.S. 307, 322 (1982), we conclude that his allegations do not rise to a due process violation. See id. at 314 (substantive rights of involuntarily committed mental patients analyzed under Fourteenth Amendment).
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri
 
 
 [2]
 Singh's apparent transfer from Fulton State Hospital renders his request for injunctive relief moot. Cf. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (prisoner's transfer renders moot complaint concerning prison conditions)
 
 
 [3]
 We do not consider these claims raised for the first time on appeal. See Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.), cert. denied, 471 U.S. 1126 (1985)