977 F.2d 586
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Michael Edmund STITH, Appellant,
v.
Paul K. DELO; Don Roper, Appellees.
 No. 92-2057.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 13, 1992.
Filed: October 19, 1992.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael E. Stith, a Missouri inmate, appeals the District Court's[1] grant of summary judgment in favor of defendants in his 42 U.S.C. § 1983 (1988) action. We affirm.
 
 
 2
 Stith claimed that defendants Paul Delo, superintendent of Potosi Correctional Center, and Don Roper, assistant superintendent, violated his due process rights in connection with a period of confinement in Temporary Administrative Segregation Confinement (TASC) and a subsequent assignment to administrative segregation. He alleged that defendants held him in administrative segregation without a conduct violation and violated his right to privacy by forcing him to attend his classification hearing, at which women were present, in only his undershorts. He also claimed that he was denied access to the courts and phone calls, and that he received limited property, visitation, recreation, and canteen privileges while in administrative segregation. He sought damages, restoration of his property and privileges, appointment of counsel, and an order enjoining the staff from exploiting inmates.[2]
 
 
 3
 We conclude that the District Court correctly granted defendants' motion for summary judgment. Stith presented no evidence that defendants interfered with his access to the courts. Although an inmate retains some privacy rights, we have expressly declined "to define its constitutional foundation or scope...." Timm v. Gunter, 917 F.2d 1093, 1097 n.4, 1102 (8th Cir. 1990) (holding regulations allowing female guards to view male inmates nude or partially nude were constitutional), cert. denied, 111 S. Ct. 2807 (1991). Even assuming that defendants did force Stith to appear at the classification hearing partially dressed with women present, they did not violate a clearly established constitutional right and are entitled to qualified immunity. See Bartlett v. Fisher, No. 91-2595, slip op. at 6 (8th Cir. Aug. 13, 1992) (holding public official entitled to qualified immunity if conduct does not violate clearly established statutory or constitutional rights).
 
 
 4
 Stith has abandoned his due process arguments concerning his placements in, and the conditions of, TASC and administrative segregation. See Jasperson v. Purolator Courier Corp., 765 F.2d 736, 740-41 (8th Cir. 1985) (party's failure to raise or discuss issue deemed abandonment of issue). We conclude that the District Court did not abuse its discretion by denying Stith's motion for appointment of counsel. See Holloway v. United States, 960 F.2d 1348, 1359 (8th Cir. 1992) (we review for abuse of discretion the denial of a motion for appointment of counsel).
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Stephen M. Limbaugh, United States District Judge for the Eastern District of Missouri
 
 
 [2]
 Stith's transfer to Jefferson City Correctional Center (JCCC) in September 1990, rendered his request for injunctive relief moot. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985)