978 F.2d 1264
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Douglas Wayne THOMPSON, Appellant,
v.
Joseph WALBRAN, Assistant United States Attorney, for the
District of Minnesota, and several unknown Law
Enforcement Agents, Appellees.
 No. 92-1813.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 5, 1992.
Filed: November 9, 1992.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Douglas Wayne Thompson, a federal inmate, appeals from the District Court's[1] dismissal of his Bivens-type action against Joseph Walbran, the Assistant United States Attorney who prosecuted him, and unknown law enforcement officials. We affirm.
 
 
 2
 Thompson entered a conditional plea of guilty to aiding and abetting a robbery, conspiracy to commit bank robbery, possession of a firearm during a crime of violence, and interstate transportation of a firearm. In his direct appeal, Thompson challenged the District Court's denial of his motions to suppress evidence seized at the time of his arrest and to withdraw his guilty plea. We affirmed the District Court on both grounds. United States v. Thompson, 906 F.2d 1292 (8th Cir.), cert. denied, 111 S. Ct. 530 (1990).
 
 
 3
 Thompson now argues that Walbran committed numerous acts of prosecutorial misconduct which denied him a full and fair opportunity to challenge the legality of the arrest, search, and seizure at the hearing on his motion to suppress evidence. We conclude that this claim amounts to a collateral attack on Thompson's conviction, which must be raised in a motion under 28 U.S.C. § 2255 (1988 & Supp. 1990). Further, Thompson argues that the seizure of his money and property at the time of his arrest violated his sixth amendment right to counsel (because he could not retain counsel of his choice). This claim also attempts to undermine the validity of his conviction and should be raised in a section 2255 motion. Accordingly, we conclude that the District Court properly dismissed these claims; we modify its judgment, however, to reflect that the dismissal of these claims is without prejudice.
 
 
 4
 Thompson also argues that Walbran and unknown law enforcement officers were involved in transferring his pickup truck and its contents to an informant in violation of his constitutional rights. Although a pro se complaint is to be liberally construed, it "must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985). Thompson failed to provide specific facts regarding how this alleged transaction took place or on what information he based this allegation. Therefore, the District Court properly dismissed this claim with prejudice.
 
 
 5
 To the extent that Thompson is seeking the recovery of the money and property seized at the time of his arrest, he has an adequate postdeprivation remedy available. See Fed. R. Crim. P. 41(e). We decline to address Thompson's sentencing guidelines claim because he raised it for the first time on appeal. See Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.), cert. denied, 471 U.S. 1126 (1985).
 
 
 6
 We affirm the District Court's judgment with the modifications set out above.
 
 
 
 [1]
 The Honorable David S. Doty, United States District Judge for the District of Minnesota