989 F.2d 505
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Carl JAMES, Appellant,
v.
Dr. Gregg IVINS; Debbie Steinman, Appellees.
 No. 92-3103.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 6, 1993.
Filed: January 8, 1993.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Carl James, a Missouri inmate, appeals from the District Court's[1] grant of summary judgment to defendants in his 42 U.S.C. § 1983 (1988) action. We affirm.
 
 
 2
 While incarcerated at Algoa Correctional Center (ACC), James sought corrective surgery for a bunion on his left great toe. Dr. Gregg Ivins, a consulting physician under contract to the Missouri Department of Corrections, examined James and scheduled a surgical repair of the bunion. After the surgery was performed, Ivins examined James in a series of follow-up appointments. James subsequently filed this action against Ivins and Debbie Steinman, a health care supervisor at ACC. James claimed that Ivins violated his Eighth Amendment right to be free from cruel and unusual punishment by showing deliberate indifference to his serious medical needs. He alleged that the bunion was worse after the surgery than before it, the pain medication prescribed was ineffective, and his great toe had become partially paralyzed as a result of the surgery. He also claimed that Steinman violated his Eighth Amendment rights by issuing him shoes of the wrong size and width, which aggravated his condition by pushing his toes together.
 
 
 3
 We conclude that the District Court correctly granted summary judgment to defendants. The evidence indicates that defendants' treatment of James did not rise to the level of deliberate indifference. After performing the surgery, Ivins examined James on several occasions, and prescribed a wide variety of drugs, treatments, and accessories to aid his recovery. Additionally, Ivins repeatedly wrote on his recommendations that he should be contacted if the pain medications were ineffective. Although James may disagree with this course of treatment, mere disagreement with Ivins's methods does not give rise to a constitutional claim. See Martin v. Sargent, 780 F.2d 1334, 1339 (8th Cir. 1985). Further, Steinman ordered the correct size of shoes promptly after Ivins prescribed the use of softer, wider shoes. Until their receipt, she issued slightly larger shoes to James in an attempt to alleviate his discomfort. Her actions do not indicate deliberate indifference to James's serious medical needs. We conclude that James's remaining claims lack merit.
 
 
 4
 Accordingly, we affirm.
 
 
 5
 A true copy.
 
 Attest:
 
 6
 CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.
 
 
 
 [1]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri