46 F.3d 1135
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Audie Lynn FOX, Appellant,
v.
Robert ERICKSON, Warden; Donald Engeldinger, Health
Services Director, Appellees.
 No. 94-2997.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Jan. 6, 1995.
Filed: Jan. 27, 1995.
 
 Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Audie Lynn Fox appeals from a final order granting summary judgment in favor of defendants entered in the District Court[1] for the District of Minnesota in his 42 U.S.C Sec. 1983 action. Fox v. Erickson, Civil No. 3-92-618 (D. Minn. July 25, 1994) (order). For reversal, Fox argues defendants violated his First Amendment rights by confiscating his religious jewelry and suspending his religious diet upon his assignment to administrative segregation.
 
 
 2
 After a de novo review, we hold that summary judgment was proper and we affirm. Fox, a member of the Sikh religious faith, alleged that Engeldinger, Health Services Director at the Stillwater Minnesota Correctional Facility (SMCF), and Erickson, Warden at SMCF, violated his First amendment rights when he was not allowed to retain a religious medallion and bracelets upon his assignment to administrative segregation and when his religious vegetarian diet was temporarily suspended. Fox's claim against Engeldinger fails because Fox did not show Engeldinger "personally participated in or had direct responsibility" for the confiscation of his religious jewelry upon his assignment to administrative segregation. See McDowell v. Jones, 990 F.2d 433, 435 (8th Cir. 1993). Erickson provided uncontroverted evidence that Fox's religious jewelry was taken by a corrections officer pursuant to prison regulations governing the items an inmate may possess while assigned to administrative segregation. Because Fox did not allege these regulations were unconstitutional, Erickson cannot be held liable under a theory of respondeat superior. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).
 
 
 3
 Although Fox's religion apparently prohibits him from consuming certain foods, Fox failed to show that being provided ordinary prison meals instead of special vegetarian meals interfered with his free exercise rights. See McElyea v. Babbitt, 833 F.2d 196, 198 (9th Cir. 1987) (First Amendment guarantees inmates right to "food sufficient to sustain them in good health that satisfies the dietary laws of their religion"); cf. Holloway v. Pigman, 884 F.2d 365, 367 (8th Cir. 1989) (inmate must detail what practice of religion requires and show deprivation of opportunity to practice religion).
 
 
 4
 Because Fox is no longer imprisoned at SMCF, his claim for injunctive relief is moot, and he lacks standing to seek declaratory relief. See Martin v. Sargent, 780 F.2d at 1337. In light of the foregoing, we do not address Fox's claims under the Religious Freedom Restoration Act, 42 U.S.C. Secs. 2000bb to 2000bb-4.
 
 
 5
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable J. Earl Cudd, United States Magistrate Judge for the District of Minnesota