LAY, Circuit Judge,
concurring in part and dissenting in part.
I would hold that this court lacks appellate jurisdiction in both of these cases. I do so on the ground that there exists no final order in either case. The majority finds that a final order exists and concludes that the district court erroneously defined the preemptive scope of IGRA in denying the state’s motion to remand. I respectfully submit that this case is extremely important in this circuit because of the failure to follow the rule of finality which governs appeals in federal courts.
In the district court, in the first appeal, the Tribe and UniStar moved to dismiss for failure to state a claim on the grounds of tribal immunity. The State of Missouri moved to remand. The district court denied the motion to remand concluding IRGA provided complete preemption in the field of Indian gaming regardless of whether the gaming occurs on Indian land. The district court refused to certify that issue for interlocutory appeal. The district court then granted the Tribe’s motion to dismiss all claims against the Tribe as barred by tribal immunity but denied UniStar’s motion to dismiss. In Jan *1110 uary, 1998, the state then voluntarily dismissed all of its claims against UniStar without prejudice under Fed.R.Civ.P. 41(a)(l)(i).[6] The state then appealed. Thereafter, on July 2, 1998, notwithstanding the state’s pending appeal, the district court concluded that the state could not voluntarily dismiss UniStar without leave of court. The Tribe then moved in this court to amend its pending motion to dismiss this appeal to incorporate the district court’s ruling.
As the majority points out, after the state voluntarily dismissed UniStar in the first case, it sued UniStar and two Tribal leaders in a state court in the Eastern District of Missouri alleging the same violations of state law. This case was then removed to the Eastern District of Missouri. The district court transferred this case to the Western District of Missouri and denied the state’s motion to remand. The state has now appealed that order. I concur with the majority that we lack appellate jurisdiction to review that case.
In the first case, notwithstanding the fact there was no Federal Rule of Civil Procedure Rule 54(b) determination permitting immediate appeal of the order dismissing the Tribe, this court now finds the state’s unilateral dismissal of UniStar without prejudice made the order dismissing the Tribe immediately appealable.
In finding that we have appellate jurisdiction over the state’s appeal, the court creates an anomalous rule under the facts of this case. First, the majority is concerned that if the Tribe’s dismissal is not immediately ap-pealable, it will create a “windfall of complete freedom from appellate review.” The majority urges “[a] less equitable position is hard to imagine.” This reasoning is a complete non sequitur. The situation with which we deal is no different than any other interlocutory ruling where all orders must wait until there Is a final judgment as to all parties and all claims. In cases where certification is denied under Rule 54(b), the mere fact that one or more parties is not affected by a dismissal of a co-defendant does not immunize the case from appellate review. This case is no different.
The primary issue that we face is whether UniStar’s motion to dismiss on the ground of tribal immunity constituted a motion for summary judgment. If it did, it should be clear that a voluntary dismissal of UniStar could not be effected under Rule 41(a)(l)(i) without dismissing these claims with prejudice under such terms and conditions as the court deems proper. The majority opinion deals at length with the fact that the district court was without jurisdiction to hold that UniStar’s 12(b)(6) motion papers constituted summary judgment. The majority faults the district court for lack of jurisdiction in so ruling after the state had filed its notice of appeal. On this basis, the majority finds the state’s Rule 41(a)(l)(i) voluntary dismissal of UniStar was facially valid.
I see the belated order of the district court as being a non-issue in this case. Assuming that the district court had no jurisdiction to act, the fundamental issue of whether the appeal by the state is a final order is an issue for this court, and whatever the district court ruled is immaterial to deciding our own appellate jurisdiction. This court must independently determine whether there is a final order to support our jurisdiction and such determination must be made whether the parties raised the issue or not. In the present case, it is clear that UniStar’s 12(b)(6) motion included matters outside the state’s pleadings. A true test of whether a motion to dismiss involves matters outside the pleadings so as to convert the motion into a summary judgment is whether or not extrinsic facts are introduced into the record.[7]
*1111 In the present ease, the majority holds that the district court did not treat the 12(b)(6) motion as a motion for summary judgment. Yet, the record contains Judge Sachs’ statement (albeit belated) that he did consider excerpts attached to UniStar’s motion from the Coeur D’Alene Tribal Code as well as excerpts from the rules and regulations of the U.S. Lottery. These exhibits contain factual information outside the pleadings. Although Judge Sachs’ order in July is not relevant to our decision, it is difficult to ignore an experienced judge’s averment that he did consider these extrinsic facts when passing on the motion to dismiss.
Rules of finality governing orders on appeal are essential to the judicial efficiency of appellate jurisdiction. Rule 41(a)(1)(i) is designed to allow voluntary dismissals where the trial proceedings have not progressed to a stage where a defendant has answered or filed a motion for summary judgment. Obvious reasons of judicial efficiency support this rule. However, in addition, the rule serves to avoid multiplicity of lawsuits against a defendant. Here, the state’s obvious strategy was to obviate the final judgment rule by filing a voluntary dismissal and then refiling against the dismissed party the next day. If the majority’s rule becomes precedent, we simply invite a means to circumvent established rules governing review of final orders.

. Rule 41(a)(l)(i) reads in relevant part as follows:
an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.... Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice....
Fed.R.Civ.P. 41(a)(l)(i).

. Judge Loken relies on Martin v. Sargent, 780 F.2d 1334, 1336-37 (8th Cir.1985), to support his theory that simply because additional materials are filed in support or opposition to the motion, this does not automatically convert the motion to one for summary judgment. This case is clearly distinguishable. In Martin the parties did not even bother to file the additional evidence with its motion. The other cases cited by Judge Lo-ken are not relevant to the issue involved.