# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1083

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Ed Bogard; Joe Bill Boone; Richard E. | * | |
| Busby; Maggie Boals; Tommy | * | |
| Dickerson; Tecumseh Jones; Connie | * | Appeal from the United States |
| Moore; Lillian Morris; Vickie | * | District Court for the |
| Robertson; Vera Simonetti; Buddy | * | Eastern District of Arkansas |
| Suiter; Bill Weaver; Brian Williams; | * | |
| Crittenden County, Arkansas, | * | [UNPUBLISHED] |
| | * | |
| Appellees, | * | |
| | * | |
| Danny G. Holbrook, | * | |
| | * | |
| Appellant, | * | |

_____

Submitted:  August 6, 1999

Filed:  August 13, 1999

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Danny G. Holbrook appeals from the final judgment entered in the District Court[1] for the Eastern District of Arkansas denying his motion to intervene in ongoing litigation between the United States and Crittenden County, Arkansas, involving the conditions at Crittenden County Jail. Holbrook had been incarcerated at the jail during the time the government and the County were implementing a consent decree, and he argued that, as a former inmate, he had a vested interest in ensuring the County's compliance with the consent decree. For the reasons stated below, we affirm.

We agree with the district court that Holbrook lacked standing to intervene in this equitable action. Because Holbrook was no longer incarcerated at the jail when he moved to intervene, he could not show he suffered an injury greater than that suffered by other concerned Crittenden County residents. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (to have standing, plaintiff must have suffered injury in fact, fairly traceable to challenged conduct of defendants, and likely to be redressed by proposed remedy); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (inmate's claim for injunctive relief to improve prison's conditions is moot if inmate is no longer incarcerated there, and inmate lacks standing to seek declaratory relief); cf. In re Starr, 152 F.3d 741, 748-49 (8th Cir. 1998) (plaintiff could not prove he suffered injury beyond that shared by large class of concerned citizens from alleged unethical conduct of Independent Counsel Starr). We thus conclude the district court did not err in denying Holbrook's motion to intervene. See Standard Heating & Air Conditioning Co. v. City of Minneapolis, 137 F.3d 567, 570 (8th Cir. 1998) ("Article III standing is a prerequisite for intervention in a federal lawsuit . . . .").

Accordingly, we affirm.

---

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.