# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3549

_____

|  |  |  |
|---|---|---|
| Rickey C. Brooks, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| Michael Anderson; Island Michael, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| C. Terry, Warden, Wrightsville Unit, | * | |
| Arkansas Department of Correction; | * | |
| S. Jordan, Assistant Warden, | * | Appeal from the United States |
| Wrightsville Unit, Arkansas | * | District Court for the |
| Department of Correction; L. | * | Eastern District of Arkansas. |
| Jordan, Chief of Security, Wrightsville | * | |
| Unit, Arkansas Department of | * | [UNPUBLISHED] |
| Correction; C. Vowell, ARO, | * | |
| Wrightsville Unit, Arkansas | * | |
| Department of Correction; Ray | * | |
| Hobbs, Deputy Director, Arkansas | * | |
| Department of Correction; Larry | * | |
| Norris, Director, Arkansas Department | * | |
| of Correction, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: February 7, 2000
Filed: February 16, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.
_____

PER CURIAM.

Rickey C. Brooks and two other inmates filed a 42 U.S.C. § 1983 (Supp. III 1997) action against various Wrightsville Unit (WU) and Arkansas Department of Correction officials, claiming an access-to-the-courts violation. Following an evidentiary hearing, the District Court[1] dismissed the case. Only Brooks appeals, arguing that the evidentiary-hearing evidence was sufficient to support his claim and his related motion for injunctive relief, that he should have been allowed an additional hearing, and that requiring exhaustion of administrative remedies burdens an inmate's right of access to courts. We affirm.

Initially, we hold that the District Court properly denied Brooks's motion for injunctive relief, because he had been transferred from WU by the time his claim was heard. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985). As to the damages claims, the District Court concluded that Brooks failed to show any of his relevant grievances had been administratively exhausted. It is not necessary to address Brooks's argument regarding administrative exhaustion, however, because the District Court went on to conduct a merits review and we agree with it that Brooks's § 1983 claim is meritless as he failed to show he suffered actual harm from the alleged deficiencies at WU. See Lewis v. Casey, 518 U.S. 343, 351 (1996) (inmate cannot establish actual injury merely by showing prison's law library or legal-assistance program is theoretically subpar; inmate must demonstrate alleged shortcomings hindered his efforts to pursue legal claim); Klinger v. Department of Corrections, 107 F.3d 609, 617 (8th Cir. 1997) (even though plaintiffs showed complete and systematic

_____

[1]The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

denial of access to law library and legal assistance, claim failed as matter of law because none suffered actual injury or prejudice).

As to Brooks's contention that notice of the WU law library changes and temporary closure was required under Arkansas administrative law, even assuming this could be the basis for a constitutional claim, we find that the provision he cites applies only to administrative agencies and regulations, not to policies and rules adopted by individual institutions within an agency. We also find that another hearing was unnecessary, as the testimony Brooks sought to introduce would have been duplicative. Thus, we conclude that the District Court did not err in dismissing Brooks's suit and in denying his pending motions as moot.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-