# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### February 2000 Session

## 'AZZAM M. TARIF v. DEREK BULLION, ET AL.

### Direct Appeal from the Circuit Court for Hickman County
### No. 99-5024C-II    Donald P. Harris, Judge

### No. M1999-00475-COA-R3-CV - Filed July 19, 2000

Petitioner, a state prisoner, appeals the action of the trial court in dismissing under Tennessee Rule of Civil Procedure 12.02(6) his civil rights complaint. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

'Azzam M. Tarif, Only, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General and Mark A. Hudson, Assistant Attorney General, for the appellees, Derek Bullion, Ricky Mathis, and Wayne Brandon.

### MEMORANDUM OPINION[1]

Appellant, 'Azzam M. Tarif, states his case in his brief before this court as follows:

On March 31, 1999, appellant filed a civil rights complaint, pursuant to 42 U.S.C. §§ 1983, 1985(3) and 1986 naming Deputy Warden, Wayne Brandon, Unit Manager Ricky Mathis and Correctional Officer Derek Bullion as defendants.

---

[1]Rule 10 of the Rules of the Court of Appeals reads as follows:

The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial cout by memorandum opinion when a formal opinion would have no precendential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Appellant alleged that on January 26, 1999, appellee Bullion approached the appellant and began making "racist statements" towards appellant and using derogatory and profane language, while appellant was reading the unit's bulletin board on criteria required to run in the prison's grievance board election. . . . Appellant alleged that Bullion committed this conduct to "ill-treat and abuse" appellant on account of appellant's race and religion. . . .

Appellant alleged that appellee Bullion's conduct was also designed to deny appellant the equal protection of the law afforded to appellant as an inmate confined in the Tennessee Department of Correction. . . . Appellant further asserted that appellees Brandon and Mathis knew of Bullion's unlawful conduct, and refused to take appropriate measures to stop Bullion's unlawful conduct, and refused to take appropriate measures to stop Bullion's repeated abuse of appellant despite the duty imposed upon them by Tennessee law. . . .

Appellees['] response to the complaint asserted that appellant's allegations of verbal abuse by Bullion do not rise to the level of a civil rights violation, and therefore, the appellant failed to state a claim upon which relief can be granted. On July 14, 1999, the trial court agreed with appellees and filed its Order dismissing appellant's civil rights complaint. Appellant filed a timely notice of appeal, and this case is now properly before this Court.

The trial judge granted the motion to dismiss and we affirm. The complaint, taken as a whole, charges only verbal harassment with racial overtones. No defendant is charged with anything other than verbal harassment, threatening language, and a vaguely asserted conspiracy to verbally harass Appellant because of his race and religion. Such allegations, if true, are not sufficient to state a cause of action under 42 U.S.C. § 1983. *Martin v. Sargent*, 780 F.2d 1334 (8th Cir. 1985); *Collins v. Cundy*, 603 F.2d 825 (10th Cir. 1979). Neither do such allegations constitute punishment within the meaning of the 8th Amendment to the United States Constitution. *Ivey v. Wilson*, 832 F.2d 950 (6th Cir. 1987); *Torres v. County of Oakland*, 758 F.2d 147 (6th Cir. 1985).

The judgment of the trial court is in all respects affirmed and costs assessed against Appellant, 'Azzam M. Tarif.

_____
WILLIAM B. CAIN, JUDGE